**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SMART PATH CONNECTIONS, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| | § | Civil Action No. 2:22-cv-00296-JRG |
| v. | § | |
| | § | Filed Under Seal |
| | § | |
| NOKIA OF AMERICA CORPORATION | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on February 14, 2024 pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.[1]

## A.    COUNSEL FOR THE PARTIES

### 1.  Plaintiff – Smart Path Connections, LLC ("Smart Path")

| | |
|---|---|
| E. Leon Carter<br>Texas Bar No. 03914300<br>lcarter@carterarnett.com<br>Bradley D. Liddle<br>Texas Bar No. 24074599<br>bliddle@carterarnett.com<br>Joshua J. Bennett<br>Texas Bar No. 24059444<br>jbennett@carterarnett.com | Linda R. Stahl<br>Texas Bar No. 00798525<br>Michael C. Pomeroy<br>Texas Bar No. 24098952<br>mpomeroy@carterarnett.com<br>Alexis L. Ritzer<br>Texas Bar No. 24115116<br>aritzer@carterarnett.com<br>**CARTER ARNETT PLLC**<br>8150 N. Central Expressway 5th Floor<br>Dallas, Texas 75206<br>Telephone: (214) 550-8188<br>Facsimile: (214) 550-8185 |

---

[1] Where the parties submit competing proposals for trial practice below, they have highlighted those disputes for the Court. Submissions that Smart Path proposes but that Nokia opposes are highlighted in green. Submissions that Nokia proposes but that Smart Path opposes are highlighted in yellow. Proposals on trial practice that aren't highlighted are agreed to by the parties. The parties have entered their objections, explanations, citations, and commentary in footnotes only.

2. **Defendants – Nokia Corporation, Nokia Solutions And Networks Oy,  And Nokia Of America, (collectively, "Nokia")**

| | |
|---|---|
| John D. Haynes (GA 340599)<br>David S. Frist (GA 205611)<br>Michael C. Deane (GA Bar No. 497195)<br>Sloane Kyrazis (GA 878240)<br>**ALSTON & BIRD LLP**<br>One Atlantic Center<br>1201 West Peachtree Street, Suite 4900<br>Atlanta, GA 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>john.haynes@alston.com<br>david.frist@alston.com<br>sloane.kyrazis@alston.com<br><br>Scott Stevens (NC 37828)<br>Nicholas C. Marais (NC 53533)<br>Erin Beaton (NC 59594)<br>**ALSTON & BIRD LLP**<br>Vantage South End<br>1120 South Tryon Street, Suite 300<br>Charlotte, NC 28203-6818<br>Telephone: (704) 444-1000<br>Facsimile: (704) 444-1111<br>scott.stevens@alston.com<br>nic.marais@alston.com<br>erin.beaton@alston.com<br><br>Thomas W. Davison (FL 55687)<br>**ALSTON & BIRD LLP**<br>950 F. Street, NW<br>Washington, DC 20004<br>Telephone: (202) 239-3300<br>Facsimile: (202) 239-3333<br>tom.davison@alston.com | Darlena Subashi (NY 5780747)<br>**ALSTON & BIRD LLP**<br>2200 Ross Avenue, Suite 2300<br>Dallas, TX 75201<br>Telephone: (214) 922-3400<br>Facsimile: (214) 922-3899<br>darlena.subashi@alston.com<br><br>Katherine G. Rubschlager (CA 328100)<br>**ALSTON & BIRD LLP**<br>560 Mission St., Suite 2100<br>San Francisco, CA 94105<br>Telephone: (415) 243-1000<br>Facsimile: (415) 243-1001<br>Katherine.rubschlager@alston.com<br><br>Deron Dacus<br>THE DACUS FIRM P.C.<br>821 ESE Loop 323<br>Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117<br>Fax: (903) 581-2543<br>ddacus@dacusfirm.com |

**B.     STATEMENT OF JURISDICTION**

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 et seq.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  For the purposes of this action only, the parties do not contest that this Court has personal jurisdiction over all parties.  Likewise, for purposes of this action only, the parties do not contest that venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

**C.     NATURE OF ACTION**

**1.     <u>Smart Path's Statement</u>**

This is a patent infringement case arising under the patent laws of the United States.  Smart Path alleges that Nokia infringes one or more claims of U.S. Patent Nos. 7,386,010 (the "`010 Patent"), 7,463,580 (the "`580 Patent"), 7,551,599 (the "`599 Patent"), and 7,697,525 (the "`525 Patent") (collectively, the "Patents-in-Suit").  Smart Path alleges that Nokia's infringement is willful and seeks money damages, as well as all equitable relief.

**2.     <u>Nokia's Statement</u>**

Defendant contends that the Asserted Patents are not infringed and/or invalid. Because the patents are not infringed and/or are invalid, Smart Path is not entitled to any damages nor to any equitable relief. Defendant further contends that Smart Path cannot show any willful infringement has occurred.  Further, this case is exceptional under 35 U.S.C. § 285, and Defendant seeks their attorney's fees and costs thereunder, and any other relief the Court deems appropriate.

**D.     CONTENTIONS OF THE PARTIES**

The parties set forth below a summary of their contentions for trial.  The parties do not necessarily agree with each other's summaries and contentions and reserve all objections.

### 1. Smart Path's Contentions

1.      Smart Path provides the following contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by Smart Path's experts.  By providing these contentions, Smart Path does not waive any of its motions in limine, motions for summary judgment, Daubert motions, or motions to strike.

2.      Smart Path owns each of the patents asserted in this case and possesses all rights of recovery including the exclusive right to recover for past infringement.

3.      Smart Path contends that it is the valid, presumptive assignee of the Smart Path Patents-in-Suit and all rights thereto, including the right to claim damages for infringement.

4.      Venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division, in this case.

5.      Jurisdiction is proper in this case.

6.      Smart Path contends that each of the Patents-in-Suit is valid, enforceable, and infringed by Nokia.

7.      Smart Path contends that Nokia infringes claims 1, 12 and 23 of the '525 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States Accused IP Routers and any Nokia products that operate in the same manner in material parts.

8.      Smart Path contends that Nokia infringes claims 1, 6, 32, 59, and 83 of the '599 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States Accused IP Routers and any Nokia products that operate in the same manner in material parts.

9.      Smart Path contends that Nokia infringes claims 1, 12, 15, 18 and 22 of the '580 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States Accused IP Routers and any Nokia products that operate in the same manner in material parts.

10.     Smart Path contends that Nokia infringes claims 1, 3 and 14 of the '010 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States Accused IP Routers and any Nokia products that operate in the same manner in material parts.

11.     Smart Path contends that Nokia indirectly infringes the asserted claims of the '525, '599, '580, and '010 Patents under 35 U.S.C. § 271(b) including by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Nokia accused products in the United States, or to import Nokia accused products into the United States, and/or by supplying or causing to be supplied Nokia accused products in or from the United States, without license or authority from SPC, with knowledge of or willful blindness to the fact that Nokia's actions will induce others to directly infringe the SPC Patents-in-Suit. SPC also contends that Nokia is contributorily infringing the asserted claims of the SPC Patents-in-Suit in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Nokia accused products for use in infringing the SPC Patents-in-Suit, constituting a material part of the invention, knowing Nokia accused products to be especially made or especially adapted for use in infringing the SPC Patents-in-Suit.  None of the Nokia accused products is a staple article or commodity of commerce suitable for substantial non-infringing use.

12.     Smart Path contends that Nokia hasn't met its burden to show marking was required of any Orckit Corrigent products (e.g., the products were sold in the United States, the products practiced the patents at issue, etc.), and that, even if such a showing were made, Nokia knew at least as of February 27, 2017, it was infringing the patents at issue (or was willfully blind to that fact). Smart Path contends further that all marking requirements were otherwise satisfied for any applicable products.

13.     Smart Path contends that it has been damaged by Nokia's infringement of the Smart Path Patents-in-Suit, and is entitled to no less than a reasonable royalty under 35 U.S.C. §284.

14.     Smart Path contends that it is entitled to enhanced damages and reasonable costs.

15.     Smart Path contends that this is an exceptional case entitling it to attorneys' fees under 35 U.S.C. § 285.

16.     Smart Path contends that the Patents-in-Suit are entitled to the priority date claimed by Smart Path.

17.     Smart Path contends that the claims of the Smart Path Patents-in-Suit are not invalid for any reason, including under Sections 101, 102, 103, and 112 of the Patent Act.

18.     Smart Path contends that the claims of the Smart Path Patents-in-Suit are not unenforceable for any reason, including based on any legal or equitable theory asserted by Nokia.

19.     Smart Path contends that its damages for Nokia's infringement of the Smart Path Patents-in-Suit are not barred or limited by 35 U.S.C. § 287, or any other legal or equitable theory asserted by Nokia.

20.      Smart Path contends that Nokia is not entitled to any finding in their favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

21.     Smart Path contends that it is entitled to pre-judgment and post-judgment interest.

22.     Smart Path contends that it is entitled to no less than a reasonable royalty in the form of a one-time lump sum for all past and future infringement of its patents.

23.     Smart Path contends that because this is an exceptional case, the Court should award Smart Path its attorney's fees and costs.

24.     Smart Path seeks all other relief from the Court that is just and proper.

   **2.  Nokia's Contentions**

1.     Nokia contends that it does not infringe, and has not infringed, any of the asserted claims of the Asserted Patents.

2.     Nokia contends that none of the Accused Products, or any other Nokia product, infringe claims 1, 12, or 23 of the '525 Patent, either literally and/or under the doctrine of equivalents.

3.     Nokia contends that none of the Accused Products, or any other Nokia product, infringe claims 1, 6, 32, 59, or 83 of the '599 Patent, either literally and/or under the doctrine of equivalents.

4.     Nokia contends that none of the Accused Products, or any other Nokia product, infringe claims 1, 12, 15, 18, or 22 of the '580 Patent, either literally and/or under the doctrine of equivalents.

5.     Nokia contends that none of the Accused Products, or any other Nokia product, infringe claims 1, 3, or 14 of the '010 Patent, either literally and/or under the doctrine of equivalents.

6.     Nokia contends that it does not indirectly infringe, and has not indirectly infringed, the asserted claims of the '525, '599, '580, or '010 Patents under 35 U.S.C. § 271.

Nokia contends that it has not induced infringement of or contributorily infringed the asserted claims of the '525, '599, '580, or '010 Patents.

7.      Nokia contends that it has not willfully infringed the Asserted Patents.

8.      For purposes of the trial in this action, Nokia contends that the asserted claims of '525, '599, '580, and '010 Patents are invalid as obvious under 35 U.S.C. § 103 in view of the following prior art:[2]

- For the '525 Patent
  - U.S. Patent Application Publication No. 2005/0243825 to Bitar ("Bitar") renders obvious the asserted claims
  - Bitar in combination with U.S. Patent Publication No. 2007/0280258 to Rajagopalan ("Rajagopalan") renders obvious the asserted claims

- For the '599 Patent
  - U.S. Patent No. 6,490,244 to Pegrum ("Pegrum") renders obvious the asserted claims
  - Pegrum in combination with RFC 2328 renders obvious the asserted claims.

- For the '580 Patent
  - U.S. Patent Appl. Pub. No. 2005/0169266 ("Aggarwal-266") renders obvious the asserted claims.
  - Aggarwal-266 in combination with the RFC 4875 Internet Draft renders obvious the asserted claims

---

[2] Smart Path has moved to strike and preclude Nokia from relying on certain motivations to combine prior art references. *See* Dkt. 118, 119. Nokia's identification of prior art includes art that is subject to these motions.

- For the '010 Patent

   o U.S. Patent No. 7,386,605 to Shah ("Shah") renders obvious the asserted claims.

   o Shah in combination with U.S. Patent No. 6,894,979 to Lee ("Lee") renders obvious the asserted claims.

9.      Nokia further contends that the asserted claims of the '010 Patent are invalid for lack of written description under 35 U.S.C. § 112.

10.     Nokia contends that Smart Path is not entitled to a reasonable royalty.

11.     Nokia contends that Smart Path is not entitled to any damages, including any interest or damages sought under 35 U.S.C. §§ 284 and 285.

12.     Nokia contends that Smart Path and/or its predecessors in interest and/or its licensees were required to mark products with the numbers of the '525, '599, '580, and '010 patents, and Smart Path and/or its predecessors-in-interest and/or its licensees did not do so in accordance with 35 U.S.C. § 287.  Nokia therefore contends that Smart Path is not entitled to any damages for alleged infringement of the '525, '599, '580, and '010 patents before the filing of the Complaint in this Action.

13.     Nokia contends that even if infringement of any valid, asserted claim of the patents-in-suit is found, Smart Path's proposed lump sum royalty and royalty rate is excessive and unsupported.

14.     Nokia contends that Smart Path is not entitled to any costs.

15.     Nokia contends that this is an exceptional case warranting award of Nokia's attorney's fees and costs, and any other relief the Court deems appropriate.

16.     Nokia contends that Smart Path is not entitled to any finding in their favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

17.     Nokia contends that Smart Path is not entitled to attorney's fees.

18.     Nokia contends that Smart Path is not entitled to pre-judgment and post-judgment interest.

## E.     STIPULATIONS AND UNCONTESTED FACTS

### 1.  Stipulations

(1)     The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

(2)     The parties request that the Court present the most current tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

(3)     The jurors shall be permitted to take handwritten notes during the presentations of the parties.

(4)     As discussed *infra*, the parties have already agreed upon the timing to identify witnesses as either live or by deposition—namely, by 6:30 p.m. two calendar days prior to the date the party intends to call the witness.

(5)     The parties agree that demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits.  The parties otherwise reserve all rights to object to any demonstrative exhibit.

(6)     For purposes of Federal Rule of Evidence 901, the parties agree, subject to the

parties' motions for summary judgment or Daubert, that all documents produced by Smart Path or Nokia and appearing on their face to have originated from, or kept in the ordinary course of business by Smart Path or Nokia, respectively, are authentic.  The parties otherwise reserve all rights with respect to the admissibility of such documents.

(7)    The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated by the opposing party as having been given under oath, whether or not the answers were signed or verified by the party making them.

(8)    Neither parties' exhibit list nor any portion thereof is admissible or may be presented to the jury without leave of Court.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

(9)    Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of the originals.

(10)    For purposes of these trial procedures, a witness that is identified with a party to the case (e.g., a corporate designee, a party's employee, etc.) is considered to be on cross-examination and not direct examination if called by the adverse party.

(11)    The Parties will disclose and exchange copies of direct demonstratives to be shown to the jury—except for demonstrative to be used solely for cross examination, [a party's examination of its own witness that the opposing party has called adversely,[3]] or closing

---

[3] Smart Path objects because a party's own witnesses that an opposing party has called adversely should not be exempt from the disclosure requirement, especially if the party intends to exceed the scope of the adverse party's cross-examination ("the scope of direct") to avoid having to call the witness more than once. Nokia submits that its proposal is necessary because any party examining

statements—by 6:30 p.m. Central Time the calendar day before their intended use (e.g., exhibits for Monday morning will be disclosed on Sunday evening). Any objections will be provided no later than 8:00 p.m. Central Time that same day, and the parties shall promptly meet and confer by 8:45 p.m. Central Time on any such objections. If parties cannot resolve objections, they will submit the issue to the Court by 10:00 pm that same day. Any updates of the parties' submissions to the Court shall be submitted by 6:00 am the following day.

(12)    The parties do not need to exchange copies of demonstratives or exhibits (including non-documentary demonstrative exhibits) to be used only during cross-examination or redirect of a witness.

(13)    The provisions of this stipulation apply to demonstratives specifically created for the purpose of the trial and for illustrative purposes only, and does not include (1) demonstratives created in the courtroom during testimony or opening at trial; or (2) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits, transcripts of designated deposition testimony, and trial testimony created in the courtroom during testimony or opening at trial.

(14)    Demonstratives for direct examination and opening and trial exhibits must be cleared of outstanding objections before being shown to the jury. Additionally, any transcripts of testimony must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening or on direct examination. On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion in limine or other exclusionary order, regardless of whether it was previously designated by the parties.

---

its own witness after the witness has been called adversely is necessarily responding to the testimony elicited by the adverse party as if it were a cross-examination.

(15)     Demonstratives for opening arguments shall be exchanged by 3:00 p.m. CT the day before opening; each party shall provide objections by 5:00 p.m. CT and shall meet-and-confer on any objections at 6:00 p.m. CT.  The Parties agree to not exchange demonstratives for closing. Demonstratives exchanged may not be used by the opposing party before being used by the disclosing party.

(16)     The parties request that during the pendency of the trial, counsel be permitted to move, and the Court admit if appropriate, evidence following use of the evidence, to the extent not admitted at the time of use.  To clarify, this provision shall apply only to [pre-admitted[4]] trial exhibits, properly admissible under the Federal Rules of Evidence, and about which a witness has referenced and specifically provided testimony.

(17)     The parties will identify witnesses to be called live or by deposition, and the reasonably anticipated order of call, by 6:30 p.m. CT two calendar days prior to the date that the party intends to call such witness.  The parties will also exchange lists of exhibits they intend to use during direct examination or by witness called by designation by 6:30 p.m. CT the night before their intended use, and an identification of the witnesses each such exhibit will be used with on direct examination or by designation. The receiving party shall provide objections to any witness by 8:00 p.m. CT on the day the list was received (for clarity, disclosure of and objections to deposition designations are subject to the procedure in the following paragraph).  The parties shall promptly meet and confer at 8:45 p.m. CT to attempt to resolve objections, with any objections that cannot be resolved to be raised with the Court on the day before the witness is to be called.

---

[4] Smart Path doesn't agree to limiting this provision to preadmitted exhibits only because that would make the provision a nullity. As their name implies, "preadmitted" exhibits are already admitted and thus require no subsequent motion for admission. Exhibits for which a proper predicate was laid, and that were used in trial and published to the jury, should be admitted even if a formal request wasn't made at the time of use—the very reason this provision exists.

The Parties agree that this provision does not require the disclosure of exhibits to be used for cross-examination or redirect examination.

(18)    [Any fact witness whom a party controls (e.g., corporate designees, employees, etc.) and intends to call and elicit live testimony at trial must be made available to testify in the adverse party's case in chief if (a) the witness is outside the Court's subpoena power, and (b) the adverse party listed that witness on its witness list as one the party intended to call live.]5

(19)    For each witness that a party intends to call by deposition, the party shall, by 7:00 p.m. CT three calendar days prior to the date the party intends to call such witness, provide the other side with [the order in which the witness will be called and6] a list of final designations that will be played.   The receiving party shall, by [10:00 p.m. the same day] [7:00 p.m. one day thereafter],7 identify any additional, previously-designated testimony to be read or played, and any unresolved objections to testimony or exhibits sought to be used with the witness.   The designating party shall, by 5:00 p.m. the following day, identify any objections to the designations of the receiving party and any counter-counter designations thereto.   The parties shall promptly meet and confer at [8:45 pm CT two calendar days] [8:00 p.m. CT the night] before the party intends to call such witness to attempt to resolve any previously-stated but unresolved objections.   Any objections that cannot be resolved must be raised with the Court by 10:00 pm CT in order to take them up

---

5 Smart Path has filed a separate motion in support of this proposal. Nokia objects to this proposal as contrary to FRCP 45 and will respond to Smart Path's motion.

6 This language unnecessarily duplicates prior provisions about when parties are required to disclose the order of their witnesses  (i.e., two days). All the parties need for purposes of this paragraph is a list of final designations. The order of such videos will be disclosed under other provisions.

7 Smart Path objects to Nokia's timing because it is unduly burdensome at trial. Nokia's proposal doesn't leave sufficient time to confer and obtain rulings from the Court and then to edit any video thereafter based on those rulings.

14

with the Court the following morning before trial. The designating party shall provide the final version of the video deposition file that will be played in court to the other party before it is played, including the counter-designations made by the other side.

(20)     No objections, preambles, or exchanges between counsel will be played or read.  If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together in the chronological order in which designations occurred during the deposition.  The designating party is responsible for providing a timed report of the deposition designations to counsel prior to the designations being played at trial. Deposition counter-designations will be counted against the counter-designator's time.  The time allotted by the Court for each side's presentation (if so specified) shall be reduced by the length of its respective designations and counter-designations.

(21)     For those witnesses whose depositions or prior trial testimony will be played or read to the jury, the Parties shall be permitted to make brief transition statements to introduce the witnesses by name, position or title, and/or, the company to which he or she is associated, the time for which shall be charged to the Party offering the witness's testimony, unless otherwise agreed to by the Parties.  However, counsel shall not be permitted to argue or comment on the evidence during transition statements.

(22)     Copies of exhibits referred to during the introduction of deposition testimony will be offered into the trial evidence record to the extent admissible. Where a video recording of a deposition is available, the offering party shall play portions of the video containing the designated testimony at trial. Where a video recording of the deposition is not available, the offering party shall read the designated testimony into the record at trial. Whether introduced via video recording or read into the record, deposition testimony shall count toward the offering party's total allotted time in court. The Parties shall provide the court with a stipulated record of the total time allocated to each party's designations.

(23)     The parties stipulate that all witnesses whose testimony is designated were duly sworn.

(24)     Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment.  However, nothing in this paragraph is intended to expand the scope of proper impeachment of a witness.

(25)     The parties agree that any exhibit listed on the Joint Exhibit List [or either party's exhibit list as to which no objection remains pending at the time of opening statements[8], [9]] may be

---

[8] Smart Path objects to this proposal from Nokia because it misstates the law and is unduly prejudicial. The proposal applies only to objections to exhibits that Rule 26 requires be disclosed in advance of the pretrial conference or waived (e.g., hearsay, authenticity, etc.). But as Rule 26 also suggests, additional objections that may exist that may require context during trial to enable the Court to rule, such as objections for relevance or the foundation of the witness whom a party is seeking to sponsor an exhibit for admission. Such objections will arise only after opening statements. Accordingly, the bare fact that no objection remains pending at the time of opening statements doesn't justify either party's unfettered use of a document.

[9] Nokia's proposal does not misstate the law and treats pre-admitted exhibits from the Joint list and the Parties' Lists consistently. This approach is consistent with the Court's December 14, 2022 Standing Order on Exhibits, which does not distinguish between how preadmitted exhibits are treated at trial depending on where they are listed. Moreover, Smart Path's concern about context-dependent objections is unfounded because context-dependent objections during trial can apply to any preadmitted exhibit on any list. And since the context here is opening statements, the lone

shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.  The parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.  The parties' exhibit lists include exhibits that may not necessarily be introduced into evidence.  A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

(26)    Subject to the remaining provisions of this Order, except for exhibits to be used solely for purposes of impeachment, no party may add to its exhibit list or use at trial an exhibit not present on its list absent good cause.  Each party reserves the right to offer exhibits from any other party's trial exhibit list, even if not separately listed on its own exhibit list.   The demonstrative and impeachment exhibits the Parties intend to use at trial do not need to be included on their respective exhibit lists or disclosed in advance.  The Parties also agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

(27)    With respect to cross examination, the party cross examining a witness shall provide all exhibits to be used during the cross examination to each opposing party at the start of cross examination.  Exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.  [Such exhibits may not be admitted

---

context-dependent concern Smart Path raises ("relevance or the foundation of the witness whom a party is seeking to sponsor an exhibit for admission") will not be of any concern.

into evidence].[10], [11]

(28)   The party seeking to use a demonstrative exhibit shall provide a color (if the original exhibit is in color) representation of the demonstrative in PDF format to the other side in accordance with the schedule set forth above.  For videos or animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including, as applicable, flash format, PPT format, MPG, or other video format. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide, via email, a color representation as a PDF or 8.5 x 11 copies of the exhibits. A party's demonstrative will not be used, in whole or in part, by the other party prior to being used by the disclosing party.

(29)   Non-substantive corrections of typographical errors to demonstratives may be made prior to use, as long as these edits or corrections are reasonably disclosed in advance of their use.

(30)   The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day.

(31)   Demonstratives for direct examination and opening and trial exhibits must be cleared of outstanding objections before being shown to the jury. Additionally, any transcripts of testimony must have been previously designated by the parties and cleared of outstanding

---

[10] Smart Path objects to Nokia's proposal because the rules of evidence already govern when extrinsic evidence of impeachment may be admissible. There is therefore no reason to include Nokia's proposal, which will only needlessly burden the parties at trial.

[11] Nokia submits that its proposal streamlines any disputes that may arise during trial regarding whether impeachment evidence may be admitted into the record. Nokia's proposal further reduces burden on the parties and the Court.

objections before being shown to the jury during opening statements [or on direct examination[12], [13]]. On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion in limine or other exclusionary order, regardless of whether it was previously designated by the parties.

(32)     The parties agree that a single attorney will handle each witness, regardless of the scope and number of issues on which that witness testifies.  For example, if an expert witness is addressing both infringement and validity, only one attorney will be allowed to cross examine that witness.

(33)     The parties agree that demonstratives shall not go to the jury during deliberations.

(34)     Twelve (12) copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the asserted patents), a legal pad, a non-clicking pen, and a highlighter will be delivered to the Court by Smart Path before jury selection.

(35)     The parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display immediately after the display.

(36)     Fact witnesses will be sequestered so that they cannot hear other witnesses' testimony pursuant to Federal Rule of Evidence 615.  This stipulation does not apply to a party's corporate trial representative.

---

[12] Smart Path objects because Nokia's proposal is unnecessary and confusing. The Rules of Evidence govern whether and when a transcript may be used on direct examination and shown to a jury. And that could include times when the need for such disclosure wasn't previously known and arose during trial.

[13] Nokia submits that the highlighted phrase is necessary because Smart Path's proposal leaves open the possibility that a party would publish objected-to testimony to the jury on direct examination. Consistent with the party's disclosure process regarding exhibits and demonstratives to be used on direct examination, testimony should similarly be cleared of objections prior to use on direct examination.

(37)    The Parties agree to identify any interrogatory responses, or request for admission responses they plan to read to the jury by 6:30 PM CT the night before they intend to introduce them. By 8:00 PM CT that same day, the opposing Party will provide any objections. The Parties shall meet-and-confer by 8:45 PM CT the same day. If there are any disputes to be resolved, the Parties will notify the Court by 10:30 PM CT the night before the response is to be read in order to take them up with the Court the following morning before trial. The Parties agree these documents do not need to be listed on their respective exhibit lists.

(38)    The Parties agree that there is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the party will provide at least one copy to the opposing side at the same time the binder is presented to the witness. If a witness shown an excerpt of an exhibit requests a hard copy of such exhibit, the examining party agrees to make it available.

(39)    A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 PM CT or prior to leaving Court, whichever is later, the day before that party expects to rest.

### 2.  Uncontested Facts

(1)    The parties agree that Smart Path only asserts willful infringement as of the date of the filing of the Complaint on August 3, 2022.

## F.    CONTESTED ISSUES OF FACT AND LAW

**<u>Smart Path's Statement of Contested Issues of Fact and Law</u>**

1.      Whether Nokia has infringed claims 1, 12 and 23 of the '525 Patent.

2.      Whether Nokia has infringed claims 1, 6, 32, 59, and 83 of the '599 Patent.

3.      Whether Nokia has infringed claims 1, 12, 15 and 22 of the '580 Patent.

4.      Whether Nokia has infringed claims 1, 3 and 14 of the '010 Patent.

5.      Whether Nokia has willfully infringed any of the Smart Path Patents-in-Suit.

6.      Whether the asserted claims of the Smart Path Patents-in-Suit are invalid.

7.      Whether Nokia has met its burden for a challenge of pre-suit damages under 35 U.S.C. § 287, including identifying specific sales of products in the United States after:

     a.   The issuance of the '010 Patent on June 10, 2008.

     b.   The issuance of the '580 Patent on December 9, 2008.

     c.   The issuance of the '599 Patent on June 23, 2009.

     d.   The issuance of the '525 Patent on April 13, 2010.

8.      Whether Smart Path is entitled to the damages it seeks, including for infringement, prejudgment interest, post-judgment interest, supplemental damages, and costs.

9.      Whether Smart Path is entitled to enhanced damages under 35 U.S.C. § 284 and, if so, the amount of enhancement.

10.     Whether Smart Path is entitled to equitable relief.

11.     Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Smart Path is entitled to attorneys' fees or costs.

**Nokia's Statement of Contested Issues of Fact and Law**

1.      Whether Nokia has infringed the asserted claims of the '525 Patent.

2.      Whether the asserted claims of the '525 Patent are invalid.

3.      Whether Nokia has infringed the asserted claims of the '580 Patent.

4.      Whether the asserted claims of the '580 Patent are invalid.

5.      Whether Nokia has infringed the asserted claims of the '599 Patent.

6.      Whether the asserted claims of the '599 Patent are invalid.

7.      Whether Nokia has infringed the asserted claims of the '010 Patent.

8.      Whether the asserted claims of the '010 Patent are invalid.

9.      Whether any infringement of the '525, '599, '580, and/or '010 Patents by Nokia was willful, and whether Smart Path is entitled to recover enhanced damages.

10.     Whether Smart Path and/or its predecessors-in-interest and/or its licensees were required to mark products with the numbers of the '525, '599, '580, and '010 Patents, and whether Smart Path and/or its predecessors-in-interest and/or its licensees did not do so in violation of 35 U.S.C. § 287.

11.     Whether Smart Path is entitled to any damages for alleged infringement of the '525, '599, '580, and '010 Patents before Smart Path provided actual notice of infringement for those patents to Nokia.

12.     Whether Smart Path is entitled to damages for the '525 Patent and, if so, the dollar amount adequate to compensate Smart Path for Nokia's alleged infringement of the '525 patent.

13.     Whether Smart Path is entitled to damages for the '599 patent and, if so, the dollar amount adequate to compensate Smart Path for Nokia's alleged infringement of the '599 patent.

14.     Whether Smart Path is entitled to damages for the '580 patent and, if so, the dollar amount adequate to compensate Smart Path for Nokia's alleged infringement of the '580 patent.

15.     Whether Smart Path is entitled to damages for the '010 patent and, if so, the dollar amount adequate to compensate Smart Path for Nokia's alleged infringement of the '010 patent.

16.     Whether this is an exceptional case that entitles any party to their attorney's fees, costs and other appropriate relief and, if so, the amount of attorney's fees, costs and other relief.

17.    Whether Smart Path is entitled to pre- and post-judgment interest and, if so, in what amount.

18.    Whether and which party or parties is entitled to costs.

## G.    LIST OF WITNESSES

### 1.  For Smart Path:

Smart Path's witness list is attached hereto as Exhibit A.  Nokia's objections to Smart Path's witness list are attached hereto as Exhibit B.  The parties agreed to present the deposition designations for each witness (if any) in a separate filing after the pretrial conference. Dkt.  162.

### 2.  For Nokia:

Nokia's witness list is attached hereto as Exhibit C.  Smart Path objections to Nokia's witness list are attached as Exhibit D.  The parties agreed to present the deposition designations for each witness (if any) in a separate filing after the pretrial conference. Dkt. 162.

## H.    LIST OF EXHIBITS

The parties joint exhibit list of 46 exhibits is attached as Ex. E.  Smart Path's exhibit list of 30[14] exhibits, along with Nokia's objections, is attached as Exhibit F.  Nokia's exhibit list of 35[15] exhibits, along with Smart Path's objections, is attached as Exhibit G.  The parties continue to meet and confer to resolve objections to exhibits.

---

[14] Nokia objects to Smart Path's exhibit count.

[15] The parties dispute whether prior art to the Asserted Patents should be included on the joint exhibit list or Nokia's party exhibit list. To resolve this dispute, the parties have agreed that Nokia may exceed the limit for its party exhibit list by the number of prior art references on Nokia's party exhibit list (eight exhibits), and the parties' joint exhibit list will be 67 exhibits or less to account for the increase to Nokia's party exhibit list.

## K.  JURY INSTRUCTIONS AND VERDICT FORM

### 1.  Jury Instructions

Attached as Exhibit H are the proposed jury instructions.

### 2.  Verdict Form

Attached as Exhibit I-1 is Smart Path's proposed verdict form, and Attached as Exhibit I-2 is Nokia's proposed verdict form.

## I.  LIST OF ANY PENDING MOTIONS

| Date | Dkt. | Motion |
|------|------|--------|
| 12/11/2023 | 113 | Smart Path's Motion for Summary Judgment Re: Certain Affirmative Defense of Nokia |
| 12/11/2023 | 114 | Smart Path's Motion to Strike Portions of the Rebuttal Expert Report of Melissa Bennis |
| 12/11/2023 | 115 | Nokia's Motion for Summary Judgment Re: No Pre-Suit Indirect Infringement |
| 12/11/2023 | 116 | Nokia's Motion for Summary Judgment Re: No Infringement of '525 Patent |
| 12/11/2023 | 117 | Nokia's Motion for Summary Judgment Re: No Infringement under the Doctrine of Equivalents |
| 12/11/2023 | 118 | Smart Path's Motion to Strike Portions of the Opening and Rebuttal Reports of Dr. Kevin Jeffay |
| 12/11/2023 | 119 | Smart Path's Motion to Strike Portions of the Opening and Rebuttal Reports of Dr. Chatterjee |
| 12/11/2023 | 120 | Smart Path's Motion to Strike Portions of the Rebuttal Report of Mr. Tom Brooks |
| 12/11/2023 | 122 | Nokia's  Motion to Strike Portions of the Opening Report of Dr. Eric Cole |
| 12/11/2023 | 123 | Nokia's  Motion to Strike Portions of the Opening Report of Dr. Ricardo Valerdi |
| 12/11/2023 | 124 | Nokia's  Motion to Strike Portions of the Opening Report of Stephen Dell |
| 1/25/2024 | 185 | Smart Path's Motion to Strike Nokia's Second Supplemental Response to Interrogatory No. 6 |
| 1/29/2024 | 194 | Smart Path's Motion to Enforce Scheduling Order |
| 1/30/2024 | 195 | Smart Path's Motion for Leave to Supplement Opening Expert Report of Dr. Ricardo Valerdi |
| 1/31/2024 | 197 | Smart Path's Motions *in Limine* |
| 1/31/2024 | 198 | Nokia's Motions *in Limine* |

| 2/2/2024 | 199 | Nokia's Second Motion for Extension of Time for Israeli Discovery and for Continuance |
| 2/9/2024 | 215 | Smart Path's Motion for Pretrial Order Governing the Parties' Use of Live Witnesses at Trial |

## J.     PROBABLE LENGTH OF TRIAL

The parties propose the jury trial be limited to 24 hours (exclusive of voir dire, opening and closing), with 12 hours for each side.  The parties propose 30 minutes for voir dire, 30 minutes for opening statements, and 45 minutes each for closing statements, for each side.

## K.     ADDITIONAL MATTERS FOR CONSIDERATION AT THE PRETRIAL CONFERENCE

The Parties request that the pending motions listed above be heard at or before the Pretrial Conference, as they would directly impact the trial.

## L.     CERTIFICATIONS

The undersigned counsel for each side of the parties in this action do hereby certify and acknowledge the following:

(1)     Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)     Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)     Each exhibit in the List of Exhibits herein:

(a)  is in existence;

(b)  is numbered; and

(c)  has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff:  */s/ Joshua J. Bennett*

Attorneys for Defendant: */s/ John D. Haynes*

This Joint Pre-Trial Order is hereby approved this ___ day of _____, 2024.

_____

United States District Judge