IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMART PATH CONNECTIONS, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP |
| | § | |
| NOKIA OF AMERICA CORP., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Smart Path Connections, LLC's Motion to Strike Nokia's Second Supplemental response to interrogatory 6. (Dkt. No. 185.). After consideration, the Court **DENIES** the motion as provided below.

## I. BACKGROUND

On December 13, 2022, SPC served a first set of interrogatories including Interrogatory No. 6 calling for Nokia to "[s]tate the factual bases for your First Defense of Non-Infringement..." (Mot. at 1.) On October 16, 2023, Nokia supplemented its prior response to Interrogatory No. 6 to provide a chart depicting the configurations of accused devices used by certain customers and naming Jeffrey Valley as knowledgeable about the chart. (*Id*. at 3.)

SPC now requests the Court strike this chart under rule 37 alleging Nokia failed to timely provide the underlying data to prove the chart correct and that Mr. Valley did not have any knowledge to substantiate the chart. (*Id*. at 4-6.)

## II. APPLICABLE LAW

Rule 26 provides:

> *In General.* A party who ... has responded to an interrogatory ... must supplement or correct its disclosure or response: [ ] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e).

Rule 37 provides:

*Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)

The Court considers four factors when determining if a Rule 26 violation is "substantially harmless" under Rule 37. Those factors are the (1) importance of the evidence, (2) prejudice to the opposing party of including the evidence, (3) possibility of curing such prejudice by granting a continuance, and (4) explanation for a party's failure to disclose. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). The party risking Rule 37 sanctions carries the burden of showing its failure to comply with Rule 26 was "substantially justified or harmless." *See Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

### III.　ANALYSIS

The parties' central dispute is not as to timeliness of Nokia's disclosure but rather its sufficiency. As such the framework cited above and by the parties is not an exact match. Thus the Court will focus its determination on Nokia's alleged failure and the alleged prejudice to SPC.

SPC contends its prejudice is principally based on Nokia's failure to provide evidence substantiating the chart in its supplemental interrogatory response. (Mot. at 6-7.) SPC contends Mr. Valley could not provide any information on the chart when asked during his deposition. (*Id*. (citing his deposition at 28:19-25).) SPC further contends Nokia's other citation to the "4LS database" fails under Rule 33(d) as evasive in failing to provide sufficient detail to enable it to locate and identify the underlying data. (*Id*. at 7.) SPC argues without any material ability to investigate or contest Nokia's contention it is severely prejudiced. (*Id*.)

2

Nokia responds that any prejudice is the fault of SPC's faulty deposition and deficient discovery practices. (Opp. at 7-11.) First, Nokia contends the reality is that SPC did not ask even a single question of Mr. Valley as to the chart in question. (*Id*. at 8-9.) Nokia contends the single question SPC identified does not show Mr. Valley had no information, rather Nokia contends this answer only shows that the information is not centrally documented but SPC never explored who provided the information relied upon by Nokia. (*Id*. at 8.) Nokia further contends that SPC manipulated the record before the court by cutting off Mr. Valley's fulsome answers in violation of L.R. CV-7(b) required the preceding and following pages of the portion of the exhibit cited. (*Id*.) Nokia shows that in the next pages of Mr. Valley's deposition transcript he provides that some of Nokia's customers share their configuration information with Nokia through various teams focused on individual or groups of customers. (*Id*. at 8-9.) Nokia further points to later in the deposition where Mr. Valley raised the chart in question and SPC failed to ask any follow-up questions. (*Id*. at 9.)

Second, Nokia contends it provided customer configuration files on September 21, 2023 and SPC subpoenaed many of Nokia's customers. (*Id*. at 10-11.) Nokia contends with this SPC had more than sufficient capacity to contest Nokia's chart if it were incorrect. (*Id*.)

Further, at the March 4, 2024 hearing, Nokia provided that it did not intend to introduce the complained of chart or use its interrogatory response as a basis for introducing any supportive documents. Rather, Nokia explained it would develop the information contained in the chart through testimony of Mr. Valley and other witnesses.

The Court finds that SPC has failed to demonstrate that its motion should be granted and that SPC's motion is largely mooted by Nokia's representation to the Court and the Court's prior ruling on the motions *in limine*.

First, any prejudice is largely the fault of SPC. The asserted prejudice is a lack of information to contest Nokia's data represented in the interrogatory chart. This is significantly undermined by Nokia's production of configuration files and SPC's subpoena of the customers themselves. It must be remembered that this is an issue of infringement for Plaintiff to show. Further, the Court is not convinced by SPC's

3

complaint that Nokia violated Rule 33(d). Here, Nokia provided a narrative response and did not invoke Rule 33(d). In light of SPC's limited questioning of Mr. Valley and Nokia's production, the Court cannot, on this record, find that Nokia's discovery conduct has unfairly prejudiced SPC or that Nokia failed to properly disclose information.[1]

Second, with Nokia's representation and the Court's prior ruling, nothing should be stricken. Nokia has provided that it will not seek to introduce the complained of chart or otherwise use the interrogatory response itself at trial. Further, the Court has already ruled that Nokia may present portions of the underlying information through Mr. Valley, *see* Dkt. No. 230 at 2.

### IV.   CONCLUSION

For the reasons provided above, the Court **DENIES** SPC's motion to strike.

**SIGNED this 5th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that SPC's motion comes some months after the close of fact discovery and the complained of supplementation.