IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SMART PATH CONNECTIONS, LLC § § *Plaintiff*, § v. § § NOKIA OF AMERICA CORP., § § *Defendant*. § | CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Smart Path Connections, LLC's ("SPC") Motion for Summary Judgment on Certain of Nokia's Affirmative Defenses. (Dkt. No. 113.) After consideration, the Court recommends the motion should be **GRANTED-IN-PART** and **DENIED-IN-PART** as provided below.

In its motion, SPC alleges Nokia has failed to support certain of its affirmative defenses, namely waiver, estoppel, acquiescence, unclean hands, prosecution history estoppel, acts of others, license, implied license, exhaustion, and patent misuse. (Mot. at 1.) SPC further alleges Nokia's reservation of defenses should likewise be stricken. (*Id*.) In response, Nokia withdrew its defenses of waiver, estoppel, acquiescence, unclean hands, license, implied license, exhaustion, and patent misuse. (Opp. at 8-9.)

The Court recommends that SPC's motion regarding the withdrawn defenses be **DENIED AS MOOT**. The Court addresses the remaining grounds below.

### I.     APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*,

1

477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.     ANALYSIS
### A.  PROSECUTION HISTORY ESTOPPEL DEFENSE

SPC argues Nokia is unable to support prosecution history estoppel or prosecution history disclaimer with the limited assertion "[f]actual bases for the defense include at least written discovery, documents and testimony in this case" as provided in Nokia's discovery disclosures. (Mot. at 4.) SPC argues "Nokia has identified no evidence of [the applicant's] representations to the PTO while prosecuting the patents-in-suit, much less proffered any evidence sufficient to show that Plaintiff is now estopped from enforcing those patents based on purported representation by [the applicant.]" (*Id.* at 4-5.)

2

Nokia contends SPC's motion does not consider any other discovery that would support its prosecution history defense, particularly Nokia's interrogatory responses and expert reports. (Opp. at 5.) Nokia points to its interrogatory response that "Smart Path is precluded from arguing doctrine of equivalents under the doctrine of prosecution history estoppel because this limitation was added during prosecution to avoid prior art," citing "specific amendments and responses in the prosecution histories of the Asserted Patents." (*Id*.) Nokia also identifies its own experts' responses to SPC's expert's opinion that certain limitations may be met under the doctrine of equivalents. (*Id*. at 5-6.) Nokia argues "to the extent that Dr. Valerdi presents any doctrine of equivalents with further specificity at trial, Drs. Jeffay and Chatterjee reserved their rights to respond to such a theory, which would include asserting a prosecution history estoppel defense." (*Id*. at 6.) In support of this position, Nokia cites *Godo Kaisha IP Bridge 1 v. Telefonaktiebolget LM Ericsson et al.* alleging SPC's motion should not be granted because Nokia put SPC on "fair notice of the factual basis for this defense." (*Id*.) Finally, Nokia identifies certain passages of Dr. Jeffay's expert report where he "provided non-infringement opinions based on specific statements and amendments made in the prosecution histories of the Asserted Patents." (*Id*.)

The Court agrees with SPC. Nokia has not presented evidence that would support an affirmative defense of prosecution history estoppel. The two potential pieces of evidence Nokia identifies in its opposition cannot support its affirmative defense. First, Nokia's interrogatory responses provide allegations of evidence that could support such an affirmative defense, but do not actually show the defense is plausible at trial. Merely alleging a limitation was added during prosecution to avoid the prior art and broadly citing an entire section of Amendment and Remarks is not such a showing. A trier of fact, presented with just the Amendment and Remarks, would be unable to find prosecution history estoppel. Such an affirmative defense will almost always need

opinion testimony provided by an expert. However, Nokia fails to identify sufficient expert testimony either. Rather, Nokia argues its experts "reserved their rights to respond to such a theory." (Opp. at 6.) No such right exists. Nokia is obligated to provide the expert testimony it intends to rely on in support of its theories during expert discovery. Finally, Dr. Jeffay's discussion of the prosecution histories of the '580 Patent and the '010 Patent do not support prosecution history estoppel. Indeed, Nokia does not even present them this way, instead calling them non-infringement opinions. While Nokia has preserved those particular arguments, they are not part of a prosecution history estoppel argument.

Further, Nokia's case citations are not availing. First, *Personal Audio, LLC v. Togi Entm't, Inc.* was brought as a motion to dismiss, not a motion for summary judgment, as such the issue was whether the defendant had provided proper notice, not whether it could prove the defense at trial. 2014 U.S. Dist. LEXIS 45710, *4. Here, notice is not at issue. *Good Kaisha* presents the same issue. *Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, 2022 U.S. Dist. LEXIS 101114, *15. Notice is insufficient at the summary judgment stage. Parties are expected to have developed their arguments by this point whereas such an expectation does not exist at the pleading stage.

As such the Court recommends SPC's motion be **GRANTED** as to Nokia's prosecution history estoppel affirmative defense.

### B. ACTS OF OTHERS DEFENSE

Next, SPC argues "Nokia has supplied no evidence that a third-party 'other' acted improperly so as to rescue Nokia's own infringement of the patents-in-suit." (Mot. at 5.) SPC contends it is "unaware of . . . which, if any, entity acted alone or without Nokia's approval, consent, or involvement, to invite upon itself liability."

In response, Nokia notes that to demonstrate direct infringement SPC must show Nokia exercised control or direction over the performance of each step of the claim. (Opp. at 6-7.) Nokia further notes that to show induced infringement SPC would need to establish Nokia induced infringement of every step of the claim. (*Id*. at 7.) Nokia argues there is evidence to support Nokia's defense that it "is not liable for the acts of others over whom it has no control." (*Id*.) Nokia argues its "experts opined that the Accused Products are designed to be configured by Nokia's customers, and that, in order to use the accused products to infringe, a network operator would need to configure the accused products to enable the allegedly infringing features." (*Id*.) Nokia further argues that its experts rebut SPC's expert's opinion that Nokia instructs its customers in performing this configuration. (*Id*. at 7-8.)

The Court recommends finding that Nokia has sufficiently preserved this theory[1]. Nokia has presented evidence, through its experts, that creates a genuine dispute of material fact as to who is in control, and ultimately liable, for any alleged acts of infringement. As such the Court recommends SPC's Motion as to Nokia's defense that it is not liable for the acts of others over whom it has no control be **DENIED**.

### C. RESERVATION OF DEFENSES

Last, SPC argues "Nokia has provided no specificity as to what additional defenses it is pleading either in its answer . . ., or otherwise." (Mot. at 7.) SPC further argues "affirmative defenses must be specifically pleaded in a party's answer" and "generalized catch-all defense is improper and thus fails as a matter of law." (*Id*.)

Nokia responds that "although fact discovery is closed, the facts that may give rise to additional defenses are still not in Nokia's possession." (Opp. at 8.) Nokia notes it is still

---

[1] The Court notes that the defense discussed by Nokia and found preserved by the Court is not an affirmative defense as it counters an essential element of SPC's infringement claims. It is not clear what affirmative defense of "acts of others" exists.

attempting to depose Mr. Tamir and believes Mr. Tamir possesses information relevant to "the research, development, inventorship, licensing, sale, purchase, and/or marking related to the Asserted Patents." (*Id.*) Nokia further points to its Hague requests are still pending before relevant Israeli authorities and requests the court deny summary judgment on this ground. (*Id.*)

Nokia's reservation of rights is not effective and SPC's motion as to this "affirmative defense" should be **GRANTED**. While Nokia may be able to show good cause to amend its answer once it acquires the discovery it is seeking, this does not create a right Nokia may reserve.

### III. CONCLUSION

The Court recommends that SPC's motion for summary judgment as to Nokia's "affirmative defenses" of prosecution history estoppel and "reservation of defenses" be **GRANTED**, SPC's motion regarding "Acts of Others" be **DENIED**, and that the motion be **DENIED AS MOOT** as to all other grounds.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 6th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE