IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMART PATH CONNECTIONS, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP |
| | § | |
| NOKIA OF AMERICA CORP., | § | |
| | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Nokia of America Corp.'s Motion for Partial Summary Judgment of no Pre-Suit Indirect Infringement or Willful Infringement. (Dkt. No. 115.) After consideration, the Court recommends the motion should be **GRANTED-IN-PART** and **DENIED-IN-PART** as provided below.

I.  **BACKGROUND**

This case addresses the infringement and validity of four patents: U.S. Patent No. 7,386,010, U.S. Patent No. 7,463,580, U. S. Patent No. 7,551,599, and U. S. Patent No. 7,697,525. The Asserted Patents were previously held by Orckit-Corrigent Ltd. and later Orckit IP, LLC. (Dkt. 121. at 1.)

On February 27, 2017 Nokia received a letter from Orckit IP. (Mot. at 3.) The Orckit Letter provided notice of some 100 patents and pending patent applications, but did not include any allegations of infringement of the Asserted Patents. (*Id*. at 3-4.)

II. **APPLICABLE LAW**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322

(1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III. ANALYSIS
#### A. PRE-SUIT WILLFULNESS

Nokia argues SPC failed to provide sufficient allegations and contentions to support a claim of pre-suit knowledge of the patents or of infringement to support willfulness. (Mot. at 5-9.)

SPC responds that it does not oppose summary judgment on the issue of no pre-suit willfulness. (Opp. at 1 n1.)

The Court recommends that Nokia's motion for summary judgment of no pre-suit willfulness be **GRANTED**.

#### B. PRE-SUIT KNOWLEDGE OF INFRINGEMENT

Nokia again argues SPC has failed to provide sufficient allegations of pre-suit knowledge of the patents to support indirect infringement. (Mot. at 10.) Nokia argues neither SPC's complaint nor interrogatory responses provide any factual allegations of pre-suit knowledge of the Asserted

2

Patents. (*Id*. at 6.) Nokia argues SPC cannot rely on the Orckit Letter because SPC failed to make such an argument in its interrogatory responses despite having knowledge of the letter well in advance. (*Id*. at 6-7.) Nokia contends this severely prejudiced Nokia's ability to explore SPC's theory of pre-suit knowledge. (*Id*.)

Additionally, Nokia argues SPC has set forth no allegations of pre-suit knowledge of infringement needed to support indirect infringement. (*Id*. at 10.) Nokia notes "neither Smart Path nor Orckit IP (i) informed Nokia that it allegedly infringed any of the Asserted Patents, (ii) accused a Nokia product of infringing the Asserted Patents, or (iii) stated that Nokia needed to take a license." (*Id*. at 8.) Nokia argues the Orckit Letter cannot be used to demonstrate Nokia knew of any alleged infringement because SPC never identified the Letter in response to Nokia's discovery request and the Letter presents no allegations of infringement. (*Id*. at 8-9.)

SPC responds that it has presented sufficient evidence that Nokia has been willfully blind to the patents in suit and the alleged infringement. (Opp. at 3-6.) SPC cites a 2009 deal between Nokia and Corrigent Systems Ltd., Nokia's alleged practice of not performing product clearance searches, Nokia's citation to two of the Asserted Patents in prosecution of certain Nokia patents, and the Orckit Letter. (Opp. at 4-6.) SPC alleges Nokia's expert witness Ms. Bennis concedes Nokia's knowledge through a purchase agreement with Corrigent and Nokia. (*Id*. at 4.) SPC alleges the products at the heart of this agreement practiced the patents-in-suit according to Nokia. (*Id*.) Next, SPC argues that Nokia's practice, according to Nokia's corporate representative, of performing no product clearance searches demonstrates Nokia's intent to avoid knowledge of patents and potential infringement. (*Id*. at 4-5.) SPC contends this, in combination with direct knowledge of the patents from Nokia's prosecution and the Orckit Letter, presents a genuine issue of material fact sufficient to survive summary judgment. (*Id*. at 5-7.)

Nokia responds to each of these pieces of evidence in its reply focusing on an alleged lack of knowledge of infringement. (Reply at 3-5.) First, Nokia reiterates that the Orckit Letter fails to make any allegation of infringement and cannot support a finding of pre-suit knowledge of infringement, only of the patents. (*Id*. at 4.) Nokia further contends that after receipt of the letter it performed "analysis related to the patent and [the product not currently accused] mentioned in the letter." (*Id*.) Nokia argues this demonstrates that it was not willfully blind. (*Id*.) As to the prosecution history, Nokia alleges this does not establish knowledge of the patents or of the any alleged infringement because Nokia has thousands of patents and SPC only points to prosecution of two. (*Id*. at 4-5.) Nokia further argues SPC fails to demonstrate any link between the prosecution history citation and any underlying direct infringement. (*Id*.) Last, Nokia notes Ms. Bennis testified only that Orckit contended the CM4000, included in the purchase agreement with Nokia, practiced the asserted patents. (*Id*. at 5.) Nokia argues this provides no notice to Nokia of either infringement or of the patents. (*Id*.)

SPC contends that knowledge of a patent is probative evidence of whether Nokia knew or should have known about the likelihood of infringement sufficient to survive summary judgment. (Sur-Reply at 2 (citing *Smartflash LLC v. Apple Inc.*, No. 6:13CV447-JRG-KNM, 2015 WL 661276, at *1 (E.D. Tex. Feb. 13, 2015)).) SPC argues that a jury could find that Nokia was willfully blind based on Nokia's choice to perform a limited investigation in light of the Orckit Letter and choice to perform no broad clearance investigation. (*Id*. at 2-3.) SPC next reiterates its position that Nokia's position regarding the 2009 purchase agreement and the prosecution history support its position. (*Id*. at 3-4.)

The Court finds there is a genuine question of material fact as to Nokia's knowledge of both the patent and the alleged infringement. First, the Orckit Letter and prosecution history tend

to demonstrate knowledge of the asserted patents. As this Court has consistently held, citation to the asserted patents by the defendant in prosecuting their own patents, along with other evidence, can create a genuine dispute of material fact as to the alleged infringer's actual knowledge of the asserted patents. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2023 WL 6798974, at *4 (E.D. Tex. Oct. 1, 2023), *report and recommendation adopted sub nom. Alacritech, Inc. v. Dell Inc.*, No. 2:16-CV-00693-RWS-RSP, 2023 WL 6663752 (E.D. Tex. Oct. 12, 2023); *Soverain IP, LLC v. Microsoft Corp.*, No. 217-CV-00204-RWS-RSP, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018); *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 215-CV-1274-JRG-RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), *report and recommendation adopted*, No. 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016). Next, the Court finds Nokia's interaction with the asserted patents, through the Orckit Letter and prosecution of their own patents, and marked products, in combination with Nokia's practices around product clearance present a genuine question of material fact as to Nokia's willful blindness. While Nokia is correct that its choice to not perform product clearances cannot alone demonstrate willful blindness, *see Nonend Inventions, N.V. v. Apple. Inc.*, No. 2:15-CV-466-JRG-RSP, 2016 WL 1253740, at *3 (E.D. Tex. Mar. 11, 2016), report and recommendation adopted sub nom. *Nonend Inventions v. Apple. Inc.*, No. 2:15-CV-466-JRG-RSP, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016), SPC presents more here. A jury could find Nokia's choice to not perform product clearances after being informed of the patents and knowing they had some relevance to Nokia's business through their being cited during the prosecution of their own patents and having purchased products that were at some time marked with the asserted patents rises to the level of willful blindness sufficient to support SPC's claim of induced infringement. While Nokia's evidence that it performed analysis as to the potential infringement identified by the Orckit Letter

5

is evidence that it was not willfully blind, the Court must weigh all evidence in favor of the non-movant, SPC.

The Court recommends Nokia's motion as to indirect infringement be **DENIED**.

### IV. CONCLUSION

The Court recommends Nokia's motion be **GRANTED-IN-PART** and **DENIED-IN-PART** as provided above.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 6th day of March, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE