IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMART PATH CONNECTIONS, LLC | § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP |
| NOKIA OF AMERICA CORP., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is Defendants Nokia Corporation, Nokia Solutions and Networks OY, and Nokia of America Corporation's Motion for Partial Summary Judgment of Non-Infringement of Asserted Claims of U.S. Patent No. 7,697,525. (Dkt. No. 116.) After consideration, the Court recommends the motion should be **GRANTED** as provided below.

**I. BACKGROUND**

This case addresses the infringement and validity of four patents: U.S. Patent No. 7,386,010, U.S. Patent No. 7,463,580, U. S. Patent No. 7,551,599, and U. S. Patent No. 7,697,525. (Dkt. No. 1.)

Claim 1 of the '525 patent provides:

A network node in a communication network, comprising:

> a plurality of ports, at least a subset of which is grouped in a link aggregation (LAG) group; and
> packet processing logic, which is coupled to receive data packets having respective destination addresses that specify forwarding the packets to groups of multiple recipients through at least one of the ports and to process the data packets so as to forward only a single copy of each of the data packets via the output ports in the subset, while distributing forwarded copies of the data packets among the output ports in the subset so as to balance a traffic load within the LAG group;
> wherein:
>> the packet processing logic is arranged to allocate to each of the received data packets a fabric multicast identification (FMID) value selected from a range of possible FMID values, each FMID being associated with one of the ports in the

> subset, and to forward the single copy to the port associated with the allocated FMID value;
> the packet processing logic comprises multiple line cards connected to the ports and a switching fabric interconnecting the line cards, wherein, for each of the received data packets, a first line card connected to a first port via which the data packet is received is arranged to allocate the FMID value to the packet and to forward the packet to the switching fabric, and wherein the switching fabric and a second line card connected to a second port to which the data packet is to be sent are configured to forward the data packet responsively to the FMID value; and
> the first line card is arranged to assign to the data packets line card FMID (LC-FMID values selected from a first range of possible LC-FMID values, and wherein the switching fabric is arranged to map the LC-FMID values to respective central FMID (C-FMID values selected from a second range of possible C-FMID values that is smaller than the first range and to forward the data packets responsively to the C-FMID values.

The Court construed "line card" to mean "a modular printed circuit board or adapter that interfaces with a network," rejecting that a "line card" includes a virtual line card or that it must be a plug-in. (Dkt. No. 92 at 20.) The parties also agreed to construe the last phrase of claim one to correct the parentheticals. (*See* Opp. at 3-4; Dkt. No. 57-1.)

## II.    APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence

2

is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III. ANALYSIS

#### A. ARRANGED TO MAP THE LC-FMID VALUES TO RESPECTIVE C-FMID VALUES

Claim 1 of the '525 Patent requires that the first line card be arranged to assign the LC-FMID value to each of the data packets and the switch fabric be arranged to map LC-FMID values to C-FMID values. (*See* Mot. at 9.) Nokia contends that SPC has not shown a switch fabric arranged to map LC-FMID values to C-FMID values. (*Id.*) Nokia contends SPC has failed entirely to identify any C-FMID value and SPC's expert does not even use the term "C-FMID" outside a recitation of the claim language. (*Id.*) Nokia argues that, at best, Dr. Valerdi provides "[t]he LC-FMID values that is generated by applying hash function to packet information is mapped by the switch fabric to the C-FMID values which comprises the output port information." (*Id.*) However, Nokia argues the source code cited by Dr. Valerdi is related to the switching fabric instead of the line cards. (*Id.*) Further, Nokia contends Dr. Valerdi provides no explanation of what "output port information" corresponds to the claimed C-FMID or how it differs from the claimed LC-FMIDs. (*Id.* at 10.)

3

SPC first responds that Nokia's motion is fatally flawed because Nokia failed to address the constructions of the terms at issue. (Opp. at 3-4.) SPC highlights the terms "arranged to map," "switching fabric," "C-FMID," and "range of values." (*Id*. at 4.) SPC contends that without construing these terms, Nokia's motion should be summarily denied. (*Id*.)

Next, SPC contends the accused switch fabric is arranged to map the LC-FMID values to respective C-FMID values. (*Id*. at 5.) SPC notes Dr. Valerdi identified a "Switch Fabric Module SFM6-7/12" with a "Control Processor Module (CPM5)" that "provides management, security and control plane processing for the device." (*Id*.) SPC contends this means "Nokia's switching fabric functionality involves the communication from the fabric tap communicating directly with the system fabric" and therefore "the fabric is arranged to map the different FMID values that are assigned by the line cards." (*Id*.)

SPC further argues Nokia's motion relies on the notion that "the claims require the switching fabric to assign C-FMID values to the packets." (*Id*.) However, SPC contends Nokia documents demonstrate the same function as the '525 Patent whereby the fabric tap is arranged to map the FMID values. (*Id*. at 5-6.)

SPC further alleges that should its fabric tap theory fail, Nokia's switch fabric also performs the mapping function through a forwarding plane scheduling scheme. (*Id*.) SPC contends the switch fabric "handles both unicast and multicast patents (sic) and uses a weighted scheduling scheme to decide which cell to forward to the egress forwarding plane next." (*Id*. at 7 (emphasis removed).) SPC contends evidence demonstrates the switch fabric module is arranged to map the LC-FMID values to the C-FMID values. (*Id*. (citing Opp. Exhibit 6).) SPC argues Exhibit 6 shows the switching fabric is arranged to map the FMID values because all traffic flows from the switch fabric tap to the switch fabric and then to other line cards. (*Id*.) SPC identifies an excerpt from Dr.

4

Valerdi's report that "[t]raffic that is on its way from an ingress port … to the destination port, is always mapped to the same fabric tap … on the ingress forwarding complex." (*Id*.)

SPC next contests Nokia's assertion that SPC never identifies any alleged C-FMID. (*Id*. at 8.) SPC first identifies Dr. Valerdi's report at 53. (*Id*.) SPC next identifies a hashing function in Nokia's product that SPC contends corresponds to mapping. (*Id*. at 9.) SPC contends the source code confirms the LC-FMID is mapped to the C-FMID citing Dr. Valerdi's report at 58. (*Id*. at 10.) SPC contends the "DestPhysPort" in the cited source code is the claimed C-FMID variable. (*Id*. at 11.) SPC contests Nokia's assertion that the function Nokia cited is performed by the line card, but even if it were, it does not disrupt SPC's other citations. (*Id*.)

In response, Nokia maintains that SPC fails to demonstrate the switching fabric maps an LC-FMID to a C-FMID value. (Reply at 2.) First, Nokia argues its non-infringement argument relies on plain and ordinary meaning. (*Id*. at 1.) Nokia contends its argument merely requires that it be the switching fabric, not another component, that is arranged to map the LC-FMID values to C-FMID values. (*Id*.) Second, Nokia contests SPC's substantive arguments. Nokia contends much of SPC's arguments are attorney argument, never provided by Dr. Valerdi, or subject to Nokia's co-pending motion to strike. (*Id*. at 3.) Nokia notes Dr. Valerdi never opined the "DestPhysPort" or "DestPortLagMemberIomID" parameters relate to the C-FMID value or the LC-FMID value, rather this position is unsupported attorney argument. (*Id*.) Nokia further argues that even if these parameters are properly linked, SPC fails to show one is mapped to the other. (*Id*. at 4.) Nokia argues the figure cited by SPC actually shows a line card, not the switch fabric, as the figure shows the fabric out of frame. (*Id*.)

In sur-reply, SPC reiterates its claim construction waiver argument. SPC contends Nokia's contention that its argument is based on the plain language of the claims fails when the plain

5

meaning of the language has not been established. (Sur-Reply at 1.) SPC contends there is an issue as to what is meant between assign and map, such that Nokia has waived its argument that SPC has only shown that the line card maps. (*Id*.) SPC contends that the inclusion of certain embodiments in the patent should have illustrated to Nokia that it needed to construe "arranged to map." (*Id*. at 2.) SPC contends that it may read the claims to permit the switch fabric to carry out particularized instructions rather than require the switch fabric to execute these specific software functions. (*Id*.)

As to substance, SPC argues Nokia's documentation shows the switching fabric is arranged to map by processing the packets between the line cards. (*Id*. at 2.) For this notion, Nokia points to Opp. Exhibit 6 and Dr. Valerdi's addenda to argue the switch fabric module "controls the switching functions for the system." (*Id*. at 3.) SPC then contests Nokia's position that SPC failed to demonstrate that the "DestPhysPort" or "DestPortLagMemberIomID" parameters relate to the C-FMID value or the LC-FMID value, pointing to Dr. Valerdi's report at 58. (*Id*. at 4.) SPC contends Dr. Valerdi then opines the "LagMapLagPortIdToPhyPortID" function computes the hash value "using the source and destination addresses in the received packet and obtain the correct member port address." (*Id*.) SPC contends Dr. Valerdi opines this function maps the LC-FMID to the C-FMID. (*Id*. (citing Dkt. 140-3 at ¶¶95-96).)

The Court agrees with Nokia that SPC lacks evidence to show "the switching fabric is arranged to map the LC-FMID values to respective central FMID (C-FMID)" on the record presented.

First, the Court rejects SPC's argument that Nokia must construe "arranged to map" or other terms to be able to maintain its motion for summary judgment here. The line of cases cited by SPC hold that a new claim construction argument fundamental to a party's motion for summary

6

judgment, if found waived, can be fatal to the motion. *See e.g. Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-0037-RWS-RSP, 2017 WL 2651618, at *8 (E.D. Tex. June 20, 2017), report and recommendation adopted, No. 2:15-CV-00037-RWS, 2017 WL 4693971 (E.D. Tex. July 31, 2017). That is not the case here. Rather here, SPC takes the position that a party must always "establish any term's plain and ordinary meaning" before being able to raise any substantive motion. (*See* Sur-Reply at 1-2.) This is not the law. As detailed below, SPC has failed to demonstrate that Nokia's motion relies on anything other than the plain language of the claim. Indeed, it seems that it is SPC, not Nokia, who has raised a novel claim construction of these terms arguing that mapping may be executed on one device, the switching fabric, without executing the specific software functions but rather by carrying out particularized instructions. (*See id*. at 2.)

Second, the Court is not convinced that SPC has shown that Dr. Valerdi opines on what are the claimed LC-FMID or C-FMID in the accused device sufficient to enable a jury to find in its favor. While SPC points to Dr. Valerdi's opinions on "DestPhysPort" or "DestPortLagMemberIomID" and the "LagMapLagPortIdToPhyPortID" function, SPC never clearly shows where Dr. Valerdi, or anyone else competent to provide such testimony, opines that these are or relate to the claimed LC-FMID or the C-FMID. While SPC points the Court to sections of Dr. Valerdi's voluminous report and attachments, Dkt. 142-2 at 53, 58, Dkt. 14-3 at ¶95-96, the Court can find no such disclosure in these sections. As such, the assertion that the "DestPhysPort" or "DestPortLagMemberIomID" parameters relate to any claimed values is attorney argument which cannot support SPC's case. Likewise, the Court does not agree that Opp. Exhibit 6 rescues plaintiff's argument. While SPC contends this document demonstrates the assignment of C-FMIDs, (*see* Opp. at 7), SPC does not identify what in the exhibit makes such a showing nor does it demonstrate how this would be explained to a jury. Indeed, to the Court's unaided review,

7

Exhibit 6 does not identify any C-FMID value. To the extent SPC contends this is explained by Dr. Valerdi, if this is SPC's intention, (*see id*. at 7-8), the portion SPC block quotes provides no further clarity as to what the C-FMID might be. (*see* Dkt. 140-2 at 52). Thus, this argument is again supported by only attorney argument and fails.

Without an identification of C-FMIDs or of how "the switching fabric is arranged to map the LC-FMID values to respective central FMID (C-FMID)" SPC cannot prevail on its claim of infringement of the asserted claims of the '525 Patent. The Court recommends that summary judgment of non-infringement of the asserted claims of the '525 Patent be **GRANTED**.

The Court separately recommends granting Nokia's separate summary judgment motion of noninfringement under the doctrine of equivalents (Dkt. No. 117). As provided in that separate Report and Recommendation, the Court finds SPC has preserved no arguments under the doctrine of equivalents. As such, the Doctrine of Equivalents is not available as an alternative to SPC's infringement case here.

### B. C-FMID VALUE RANGES ARE SMALLER THAN THE LC-FMID VALUES

Next, Nokia contends SPC cannot show the C-FMID values are selected from a range of values that is smaller than the range of values used to select the LC-FMID values. (Mot. at 10.) Again, Nokia contends Dr. Valerdi provides no opinion on the range of values for either the C-FMID or the LC-FMID. (*Id*.) Rather, Nokia contends Dr. Valerdi only provides that "it is possible that hashing functions could create a smaller number of output values." (*Id*. at 11.) Nokia argues that because SPC has the burden, a possibility is insufficient. (*Id*.) Further, Nokia contends the hashing referred to by Dr. Valerdi is the same process cited for the creation of LC-FMID values where he must point to two sets of values. (*Id*.)

SPC responds that Nokia must provide a construction of the terms "C-FMID" and "range

8

of values" to pursue this summary judgment motion. (Opp. at 12.) SPC also argues Nokia's argument ignores Dr. Valerdi's addenda. (*Id*.) SPC contends the variable "DestPhysPort" relates to C-FMID value and is a hash bucket necessarily smaller than the "DestPortLagMemberIomID" hash value related to the LC-FMID value. (*Id*. at 13.) SPC also contends Nokia's motion is a "gotcha" moment as Nokia never explored this theory with Dr. Valerdi, citing *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-CV-00126-JRG-RSP, 2022 WL 14328350, at *2-3 (E.D. Tex. Oct. 24, 2022). (*Id*. at 13-14.)

The Court recommends finding SPC has failed to show C-FMID value ranges are smaller than the LC-FMID values. First, as noted above, SPC has failed to properly identify the claimed C-FMID or LC-FMID values in the accused products, that failure also mandates a finding of no infringement on this limitation as well. Second, SPC's contention on a hash bucket necessarily being smaller than the identified hash value is attorney argument and cannot satisfy SPC's burden. SPC's opposition fails to demonstrate that this argument was made or supported by admissible testimony or other evidence. Instead of identifying where Dr. Valerdi opines as much, SPC contends Nokia should be faulted for that failure. This is not supported by *Arigna*. That case was concerned with proper notice under Rule 26 where willful blindness cannot be rewarded. *See Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-CV-00126-JRG-RSP, 2022 WL 14328350, at *2-3 (E.D. Tex. Oct. 24, 2022). Here, SPC failed to support an argument it now attempts to rely on for an issue for which it has the burden.

Furthermore, as provided in that separate Report and Recommendation, the Court finds SPC has preserved no arguments under the doctrine of equivalents. As such, the Doctrine of Equivalents is not available as an alternative to SPC's infringement case here.

## IV. CONCLUSION

The Court recommends that Nokia's Motion for Partial Summary Judgment of Noninfringement of Asserted Claims of U.S. Patent 7,697,525 be **GRANTED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) *(en banc)*. Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 6th day of March, 2024.**

ROY S. PAYNE  
UNITED STATES MAGISTRATE JUDGE