IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMART PATH CONNECTIONS, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP |
| | § | |
| NOKIA OF AMERICA CORP., | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendants Nokia Corporation, Nokia Solutions and Networks OY, and Nokia of America Corporation's Motion for Partial Summary Judgment of Non-Infringement Under the Doctrine of Equivalents. (Dkt. No. 113.) After consideration, the Court recommends the motion should be **GRANTED** as provided below.

### I.    APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc*., No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.     ANALYSIS

Nokia contends SPC's infringement argument under the doctrine of equivalence, supported by Dr. Valerdi's expert report, is so threadbare as to be unsupportable at trial. (Mot. at 5-6.) Nokia contends that Dr. Valerdi's report alleges only "[t]o the extent that this step is not literally present in the Accused Device, the Accused Device would nevertheless infringe under the doctrine of equivalents, because the Accused Device performs a step that is, if not literally the step recited in the claim, then equivalent to it." (*Id*. at 5.) Nokia contends Dr. Valerdi cites nothing in support of this position and without particularized allegations, cannot support infringement under doctrine of equivalence. (*Id*. at 5-6.)

SPC responds that Nokia's motion ignores the addendum where it contends Dr. Valerdi provides his substantive doctrine of equivalence opinions in the form of a claim chart. (Opp. at 3-7.) By way of example, SPC points to claim 1 of the '010 Patent where it alleges Dr. Valerdi "identified and described with particularity nine different areas of source code . . . that perform the functionality equivalent to a hub with a plurality of ports configured to each receive and transmit data frames in accordance with a packet-oriented Layer 2 communication protocol." (*Id*. at 5 (citing Opp. Ex. D at 9-17).) SPC contends evidence such as this is sufficient to support its Doctrine

of Equivalence argument. (*Id*.)

SPC contends that even without Dr. Valerdi's analysis it can support its doctrine of equivalence argument, even with attorney argument. (*Id*. at 5-6.) SPC again references the '010 Patent arguing that "[u]nder the doctrine of equivalents, the hub need not actually be a 'hub, but it does need to be a device that is capable of hub functionality." (*Id*. at 7) SPC points to deposition testimony of Dr. Chatterjee that "the Accused products have more ports 'than [] typically like a home switch or a home hub,' indicating that the Accused Products may have hub functionality if are not actually hubs." (*Id*.) SPC further points to testimony of Mr. Aissaoui that "some of the Accused Products were configured to forward a 'packet within a point-oriented Layer 2 service,' indicating that the Accused products had the functionality to receive and transmit data frames in accordance with a packet-oriented Layer 2 communication protocol in addition to hub functionality." (*Id*.) SPC further contends that its counsel will add additional linking arguments at trial through cross-examination of Nokia's witnesses. (*Id*.)

Nokia replies that even the additional testimony from Dr. Valerdi fails to provide the function, way, or result that must be substantially similar between the accused products and the patent. (Reply at 1-2.) Nokia contends the source code analysis cited by SPC fails to provide any particularized linking arguments needed for a doctrine of equivalents argument. (*Id*. at 2-3.) Rather, Nokia argues the cited sections merely "support Dr. Valerdi's opinions regarding how the source code performs the functionality he cited for literal infringement." (*Id*. at 3.)

Nokia also contests SPC's contention that it may rely on evidence other than expert testimony to support its doctrine of equivalents argument. Nokia contends that this approach was not preserved since SPC never disclosed it in SPC's infringement contentions. (*Id*. at 3-4.) Nokia further contends that while doctrine of equivalents testimony may come from non-experts, it still

requires a person of ordinary skill, not attorney argument. (*Id*. at 4.) Nokia argues that there is no evidence in the record comparing the products to the claims and identifying the same function, way or result, thus supporting summary judgment. (*Id*.) Finally, Nokia argues "linking attorney argument" is contrary to case law and thus SPC "has failed to demonstrate that a fact issue exists. (*Id*. at 5.)

The Court agrees with Nokia that SPC has not presented a genuine issue of material fact to support an argument that Nokia has infringed under the doctrine of equivalents. "A patentee must still provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996). Further, "while many different forms of evidence may be pertinent, when the patent holder relies on the doctrine of equivalents, as opposed to literal infringement, the difficulties and complexities of the doctrine require that evidence be presented to the jury or other fact-finder through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize the equivalents." *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1329 (Fed. Cir. 2007).

SPC has identified insufficient competent evidence to support a finding of infringement under the doctrine of equivalents. First, Dr. Valerdi's expert report provides only vague and threadbare mentions of the doctrine. As SPC has only provided broad citations to several pages of claim charts, the Court is left to guess as to what it believes provides the requisite support. (*See* Opp. at 5.) The Court has found no such support. Based on SPC's exemplary citation to Opp. Ex.

D at 9-17 in support of the exemplary "hub" limitation, the Court finds only pages 13 and 14 discuss doctrine of equivalents. However, this section provides only formulaic mention of the doctrine without any explanation of what or how "those skilled in the art would recognize [as] equivalents." (*See* Dkt. 135-4 at 13-14 (alleging only that "the above functionalities are performed at least in part by the following source code and source code that invokes or is invoked by the following source code executable in compiled form on the Accused Device:" but identifying no functionality, way, or result that is substantially the same). Second, SPC has likewise identified no competent evidence to support its doctrine of equivalents argument outside of its expert reports. While the testimony cited by SPC might support an analysis under the doctrine of equivalents, such testimony does not establish substantial similarity. Indeed, this is underscored in SPC's briefing where counsel themselves provide the conclusion that the inclusion of certain features results in equivalence. (*See* Opp. at 7.)  The Federal Circuit has ruled that a doctrine of equivalents argument requires particularized testimony from a person of ordinary skill, not an attorney. Indeed, attorney argument is not evidence upon which the jury may rely. While an attorney may, in particular circumstances, be permitted to provide the linking argument, an attorney may not provide the opinion that the existence of certain features renders a functionality substantially similar to a claimed functionality.[1]

### III.     CONCLUSION

The Court recommends that Nokia's Motion for Partial Summary Judgment of Noninfringement Under the Doctrine of Equivalents be **GRANTED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by

---

[1] While the Court recognizes that the Federal Circuit has permitted attorney "linking argument" to support a doctrine of equivalents argument, *see e.g. Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1335 n.5 (Fed. Cir. 2006), jumping from the inclusion of certain features to equivalents requires more than attorney argument here.

the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

      **SIGNED this 6th day of March, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE