IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMART PATH CONNECTIONS, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP |
| | § | |
| NOKIA OF AMERICA CORP., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is Smart Path[1]'s Motion for Leave to Supplement Opening Expert Report of Dr. Ricardo Valerdi (Dkt. No. 195.). For the reasons that follow, the motion is DENIED.

**I.    BACKGROUND**

On October 31, 2023, the Court entered its Claim Construction Order. (Dkt. No. 92.) In November, the parties exchanged both opening and rebuttal expert reports. On December 5, 2023, Judge Gilstrap overruled Nokia's objections to the claim construction order. (Dkt. No. 110.)

Now, SPC argues it should be permitted to supplement its infringement expert report based on Nokia's non-infringement report and the argument that the claim construction wasn't operative until Nokia's objections were overruled.

**II.   APPLICABLE LAW**

Fed. R. Civ. P. 16(b) provides that a schedule modification, such as permitting a supplemental expert report, may only be made for good cause. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). In *Reliance Ins. Co.*, the Fifth Circuit provided that good cause may be examined under the Court's standard four part test: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the

---

[1] While the Motion is titled "Plaintiff Correct Transmission, LLC's Motion For Leave to Supplement Opening Expert Report of Dr. Ricardo Valerdi," the Court understands this to be in error.

1

testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990).)

### III. ANALYSIS
#### A. DILIGENCE

SPC argues that any lack of diligence in preparing Dr. Valerdi's supplemental report should be placed on Nokia. (Mot. at 5-6.) SPC contends that Nokia failed to properly disclose non-infringement positions until its rebuttal expert report despite on point interrogatories, and now SPC should be permitted to respond. (*Id.*) In particular, SPC contends that it could not prepare its doctrine of equivalents arguments without Nokia's non-infringement positions. (*Id.* at 6.) SPC further contends that because Dr. Valerdi's supplementation is limited and merely provides specificity to previously disclosed theories it should be permitted. (*Id.*)

Nokia responds that SPC's motion misconstrues the obligations around infringement contentions and the doctrine of equivalents and is not merely a limited refinement of Dr. Valerdi's theories but introduces entirely new theories. (Opp. at 7-10.) Nokia contends that Dr. Valerdi's supplementation focuses on doctrine of equivalents arguments that were never presented in Dr. Valerdi's initial report. (*Id.* at 7-8.) Nokia further argues that it is SPC's burden to show infringement, including under doctrine of equivalents, and thus SPC should not be permitted to raise these new theories in rebuttal to Nokia's non-infringement arguments. (*Id.*) Further, Nokia contends that it did provide a fulsome response to SPC's discovery requests and that this response put SPC on notice of Nokia's non-infringement argument. (*Id.* at 9-10.)

The Court finds that SPC was not sufficiently diligent in preparing its infringement report. First, there is no dispute that a doctrine of equivalents theory of infringement is properly included in SPC's opening infringement report. While many litigants present the doctrine of equivalents as

a response to an argument that a limitation is not literally met, this does not entitle SPC to a reply report. Second, the Court finds that Nokia's interrogatory response as of October 3 provided sufficient disclosure of Nokia's non-infringement contentions.[2] In this light, SPC has no explanation for its delay until January to prepare its supplemental report.

### B. IMPORTANCE

SPC contends its supplemental report is important as it relates to infringement. (Mot. at 6.) Nokia contends that while this theory may be important at trial, it clearly was not important in developing this case for trial. (Opp. at 10.)

The Court finds that while an infringement argument is generally important, in view of SPC's choice to only pursue this argument on the eve of trial, this factor cannot outweigh the lack of diligence.

### C. PREJUDICE

SPC contends its supplemental report will not prejudice Nokia because it merely provides greater specificity and SPC has offered Dr. Valerdi up for a limited deposition. (Mot. at 6-7.)

The Court disagrees. The proposed supplementation does significantly more than offer greater specificity. Dr. Valerdi's opening report providing boiler plate reference to the doctrine of equivalents does not reserve some right for SPC to provide actual arguments under the doctrine later. Moreover, a limited deposition is far from enough for Nokia to respond to Dr. Valerdi's doctrine of equivalents. A doctrine of equivalents argument is an infringement argument to which Nokia would be permitted to respond, i.e. with a non-infringement report.

### D. CLAIM CONSTRUCTION

SPC also contends that the December 4, 2023 entry of Court's claim construction order weighs in favor of granting this motion. (Mot. at 8.) SPC argues this instance should be likened to

---

[2] While not dispositive, the Court finds SPC's choice to not move to compel Nokia's response to its non-infringement contention interrogatory weighs against SPC's complaint here.

an amendment as a matter of right of infringement contentions in response to a claim construction order as permitted by the Patent Local Rules. (*Id.*)

That argument is misleading. The claim construction *order* was entered on October 31, 2023. The December 4 event was the Court's overruling of Nokia's objections. The October 31 order was effective when entered and it provided SPC with every piece of claim construction information it might have needed to prepare its infringement expert report. A party is free to await further review of an order, but it does so at its own peril. Further, SPC has made no showing that the supplementation has anything to do with the Court's claim constructions. As such this argument does not support granting SPC's motion.

IV.   **CONCLUSION**

For the above provided reasons, the motion is denied.

**SIGNED this 6th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE