IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMART PATH CONNECTIONS, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP |
| | § | |
| NOKIA OF AMERICA CORP., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court is Smart Path's Motion for Leave to Supplement Opening Expert Report of Dr. Ricardo Valerdi (Dkt. No. 240) and Nokia's Motion for Leave to Amend its Exhibit List (Dkt. No. 234). After consideration, the Court **GRANTS** both motions as provided below.

### I. BACKGROUND

Both motions relate to the issue whether SPC's predecessor properly marked the products it sold in the United States. As the Court previously recommended, Nokia met its initial burden of production under § 287 by identifying two classes of products produced by SPC's predecessor that Nokia believes practiced the patents. (*See* Dkt. No. 240 at 1.)

Nokia now moves the Court to permit it to add one of the products produced by SPC's predecessor that Nokia alleges should have been marked but is not. SPC likewise moves the Court to permit a supplemental expert report addressing marking based on newly produced documents.

### II. APPLICABLE LAW

Fed. R. Civ. P. 16(b) provides that a schedule modification, such as permitting a supplemental expert report, may only be made for good cause. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). In *Reliance Ins. Co.*, the Fifth Circuit provided that good cause may be examined under the Court's standard four part test: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the

testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990).)

### III. EXHIBIT ANALYSIS
#### A. DILIGENCE

Nokia argues that because it was not until February 8, 2024 that it was able to locate a physical version of a product it believes should have been marked, it was sufficiently diligent to permit its inclusion at trial. (Dkt. No. 234 at 4.) Nokia contends newly uncovered evidence is generally grounds for permitting amendment. (*Id*. at 5.)

#### B. IMPORTANCE

Nokia contends the inclusion of the physical product at trial is important because it goes directly to a significant portion of damages. (Dkt. No. 234 at 5.) Nokia contends that since there is very little evidence that this product was actually marked, and the proposed exhibit is not marked, this could limit damages significantly. (*Id*. at 6.)

SPC principally argues against the importance of the exhibit in its opposition. SPC notes that to be relevant for marking, Nokia would have to show the product was sold in the US but the only person competent to discuss the product is Nokia's outside counsel and Nokia would only be able to demonstrate the product was purchased from Israel. (Dkt. No. 241 at 2.) Thus, SPC argues, showing the unmarked exhibit does not show that SPC's predecessor failed to mark according to § 287 which is only concerned with U.S. marking. (*Id*.) Thus without relevance, the exhibit is not important.

At the hearing before the Court on March 4, 2024, Nokia further argued that the exhibit was important because it tends to counter testimony SPC would offer on marking by Mr. Tamir that all products were marked regardless of market. Indeed, Nokia provided that it would only raise the exhibit to cross Mr. Tamir and impeach him as to a statement that all products were

marked.

### C. PREJUDICE

Nokia argues SPC will not be prejudiced by the addition of this exhibit because SPC has long known of Nokia's marking argument and so cannot now claim surprise that Nokia has acquired a physical sample. (Dkt. No. 234 at 7.)

SPC argues that without relevance to showing compliance with § 287, the introduction of an unmarked product of unknown provenance is likely to mislead the jury and prejudice SPC. (Dkt. No. 241 at 2-3.)

### D. CONCLUSION

The Court finds Nokia was sufficiently diligent in uncovering the exhibit. However, the Court finds SPC's concerns regarding importance and prejudice to be persuasive. Nokia's argument at the hearing provides an appropriate means of navigating these concerns. By limiting the use of this exhibit to impeaching Mr. Tamir on a statement that all products were marked, the exhibit is relevant and SPC is not significantly prejudiced.

The Court **GRANTS** Nokia's motion on the condition that Nokia must seek leave of the Court to use the exhibit to contradict the trial testimony of Mr. Tamir, and that Nokia must stipulate that it acquired the product in 2024 from a reseller in Israel, not the United States (which the Court believes will make it unnecessary to call as a witness the lawyer who purchased the exemplar product).

## IV. SUPPLEMENTAL REPORT ANALYSIS
### A. DILIGENCE AND IMPORTANCE

SPC argues the supplemental report is necessitated by Nokia's late disclosure of various manuals and other documents obtained from Nokia's Hague request and now Nokia's production of the physical exhibit. (Dkt. No. 240 at 1.) SPC contends this is good grounds for permitting a supplemental report. (*Id.* at 2-3.)

Nokia argues that Dr. Valerdi's supplemental report also addresses documents produced during fact discovery. (Dkt. 242 at 2.) Nokia further contends that the manuals SPC cites were

3

produced by SPC's own witness and would have been accessible to SPC already. (*Id.*) Nokia argues that SPC and financially aligned parties have actively contested Nokia's discovery in Israel necessitating the late production and should not be rewarded with a supplemental report now. (*Id.*)

### B. PREJUDICE

SPC also argues that because the substance of the supplemental report is only 10 pages and does not substantially alter the theories presented in Dr. Valerdi's prior reports, Nokia will not be substantially prejudiced. (Dkt. No. 240 at 3.)

Nokia argues that with trial now less than two weeks away, a supplemental report is too late. (Dkt. No. 242 at 3.) Nokia argues there is no time to schedule a deposition and its experts will be unable to respond. (*Id.*)

### C. CONCLUSION

The Court finds newly uncovered evidence is grounds to provide a short supplemental expert report on a key issue like marking. Further, the Court finds that, now that trial has been delayed until April 1, there is sufficient time for Nokia to schedule a short deposition and a responsive expert report.

The Court therefore **GRANTS** SPC's motion to provide a supplemental expert report and **ORDERS** SPC to make Dr. Valerdi available for a two-hour deposition before March 15 and that Nokia will be permitted to provide a supplemental rebuttal expert report of equal length by March 22 and make its expert available for a two-hour deposition before March 29.

### V. CONCLUSION

For the above provided reasons, the Court **GRANTS** both motions.

**SIGNED this 6th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE