UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SMART PATH CONNECTIONS, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> NOKIA CORPORATION, NOKIA § <br> SOLUTIONS AND NETWORKS OY, AND § <br> NOKIA OF AMERICA CORPORATION, § <br> § <br> *Defendants*. § | Case No. 2:22-cv-00296-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is Nokia's Second Motion for Extension of Time for Israeli Discovery and For Continuance. (**Dkt. No. 199**.) For the reasons provided below, the Motion is **DENIED**.

**I. BACKGROUND**

The patents at issue in this case originated with the Israeli company Orckit-Corrigent through its bankruptcy in 2015. (Mot. at 1.) On April 24, 2023 Nokia began its pursuit of discovery under the Hague Convention in Israel. (*Id*. at 2.) Nokia's discovery requests were delayed in the Israeli courts navigating the procedural aspects of Israeli bankruptcy and motion practice by various interested entities. (*Id*. at 2-3.) As a result, Nokia represents that it has only begun receiving discovery recently. (*See* Dkt. No. 258.)

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Under Rule 16, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Because discovery-completion deadlines are set in scheduling orders," a court's order reopening discovery "is an order to modify the scheduling order." *Crawford v. C.R. Bard, Inc.*, No. 6:19-CV-412, 2020 U.S. Dist. LEXIS 85472, 2020 WL 2468771, at *2 (E.D. Tex.

May 13, 2020) (citation omitted); *see also Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P.*, 524 F.App'x 142, 145 (5th Cir. 2013) (per curiam) (concluding district court did not abuse discretion in denying motion to reopen discovery where movant had not shown good cause); *Leza v. City of Laredo*, 496 F.App'x 375, 377 (5th Cir. 2012) (per curiam) (same); *Zilberman v. Caroffer, LLC*, No. 4:15-CV-589, 2016 U.S. Dist. LEXIS 70428, 2016 WL 3060081, at *2 (E.D. Tex. May 31, 2016) ("Federal Rule of Civil Procedure 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed." (citing *Grant v. City of Hous.*, 625 F.App'x 670, 679 (5th Cir. 2015) (per curiam))).

Trial courts have "broad discretion to preserve the integrity and purpose of the pretrial order" in making the good-cause determination. *Geiserman*, 893 F.2d at 790 (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). To meet the Rule 16(b) good-cause standard, the movant must "show that the deadlines [could not have] reasonably be[en] met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.1 (2d ed. 1990)). The Fifth Circuit considers four factors when determining whether the movant has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Grant*, 625 F.App'x at 679 (alterations omitted) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)). *CHU de Quebec-Universite Laval v. Dreamscape Dev. Grp. Holdings, Inc.*, No. 4:21-CV-182-SDJ, 2022 U.S. Dist. LEXIS 155176, at *6-7 (E.D. Tex. Aug. 29, 2022).

### III. ANALYSIS

The Court finds, in this instance, the importance factor is determinative of whether Nokia's request should be granted.

In its motion, Nokia contends it seeks evidence relating to "research, development, inventorship, and prosecution of the patents-in-suit, as well as practice of the patents-in-suit, and licensing, sale, or purchase of the patents-in-suit. (Mot. at 8.) During the Pre-Trial Conference and Final Pre-Trial Conference, the Court instructed Nokia to provide to the Court the most relevant and important evidence it has received from its discovery process, in order for the Court to determine whether a continuance was justified. On March 11, 2024 Nokia filed a notice regarding the Israeli Discovery in compliance with this instruction. (Dkt. No. 258.) Nokia's notice identifies a draft letter of intent from a prospective purchaser of the asserted patents as relevant to damages. (*Id*. at 1.) Nokia's notice identifies no other evidence with particularity. (*Id*.)

An unconsummated offer to purchase the asserted patents by a third party is of minimal, if any, importance. Such an offer does not demonstrate how any relevant party values the asserted patents or what inherent value the asserted patents have, especially where, as here, the offer is being discussed with a prior owner of the patents rather than the current plaintiff. As this is the only concrete piece of evidence Nokia points to in support of the importance of the discovery and continuance it seeks, there is little to be gained from further discovery or continuance. As such the Court **DENIES** Nokia's motion.

### IV. CONCLUSION

For the reasons provided above, the Court **DENIES** Nokia's motion for discovery and continuance.[1]

**SIGNED this 12th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] Further, the Court **DENIES AS MOOT** Smar Path's competing Motion to Enforce the Court's Scheduling Order. (**Dkt. No. 194**.)