IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMART PATH CONNECTIONS, LLC | § § § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP |
| | § | |
| NOKIA OF AMERICA CORP., | § § | |
| *Defendant*. | § § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Smart Path Connections, LLC's Motion to Strike a Portion of Tom Brooks' Rebuttal Report. (Dkt. No. 120.) After consideration, the Court **DENIES** the motion as provided below.

### I.   BACKGROUND

This case addresses the infringement and validity of four patents: U.S. Patent No. 7,386,010, U.S. Patent No. 7,463,580, U. S. Patent No. 7,551,599, and U. S. Patent No. 7,697,525. (Dkt. No. 1.) Mr. Brooks "respond[s] to Dr. Valerdi's allegations regarding the functions and operations of the source code that Dr. Valerdi cites in his report." (Mot. at 1.)

### II.   APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed

testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### III.    ANALYSIS

SPC complains of a single line of Mr. Brooks' report that provides "[n]one of the functionalities described in his report are performed by the switch fabric hardware." (Mot. at 1.) SPC alleges this statement is unsupported in Mr. Brooks' report as he never explains what the switch fabric hardware is, how he knows what the hardware is, how he became familiar with the hardware, the process used to reach his conclusion, what "performed by" means, "any hypotheses he considered or rejected before reaching that conclusion," what Nokia provided him to make that conclusion, or whether bare source code can tell anyone that particular hardware doesn't perform useful functions in the switching fabric. (*Id*.)

Nokia responds pointing to the rest of the paragraph preceding the complained of sentence that provides "I reviewed the source code that Nokia produced in this case. The source code that Nokia produced corresponds to the software that runs on the ingress and egress input/output module ('IOM')." (Opp. at 1.) Nokia also argues Mr. Brooks provides a full explanation of the code relevant to SPC's allegation demonstrating his understanding that the code is performed prior to the switch fabric. (Opp. at 2.)

The Court finds Mr. Brooks' statement is sufficiently supported. The majority of the concerns SPC raised got to SPC's disagreement with Mr. Brooks's conclusion and his basis for his conclusion rather than a fundamental or structural error that would warrant exclusion. With some basis explained in his report, SPC's concerns with the sufficiency of that basis is best left to cross-examination.

## IV.  CONCLUSION

Accordingly, the Court **DENIES** SPC's motion to strike Mr. Brooks' Rebuttal Report.

**SIGNED this 13th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE