IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMART PATH CONNECTIONS, LLC | § § § | |
| *Plaintiff,* | § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP |
| NOKIA OF AMERICA CORP., | § § § | |
| *Defendant.* | § | |

## MEMORANDUM ORDER

Before the Court is Nokia's Motion to Strike and Exclude Portions of the Expert Report of Dr. Eric Cole (Dkt. No. 122.).

### I.   BACKGROUND

This case addresses the infringement and validity of four patents: U.S. Patent No. 7,386,010, U.S. Patent No. 7,463,580, U. S. Patent No. 7,551,599, and U. S. Patent No. 7,697,525. (Dkt. No. 1.) Dr. Cole provides apportionment opinions in support of SPC's damages case. (Mot. at 1.)

### II.   APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow*

1

*Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461

(5th Cir. 2002).

### III. ANALYSIS
#### A. INFRINGEMENT OPINIONS

First, Nokia contends that Dr. Cole's statement that "[a]fter reviewing the evidence as well as the opinions of Dr. Valerdi, it is my opinion that these products each infringe in function in the same manner with respect to the patented technologies," his incorporation of paragraphs from the Complaint without analysis, and comparison between source code versions are unsupported infringement opinions that should be stricken. (Mot. at 4.) Nokia argues that because Dr. Cole testified he did not offer or form any opinions on infringement or perform an element-by-element analysis and never reviewed any source code these portions are unsupported. (*Id.*) Nokia contends the complained of portions should be stricken as merely conclusory and inconsistent with Dr. Valerdi's opinions upon whom Dr. Cole nominally relies. (*Id.* at 14.)

Nokia contends that without these infringement opinions, the court should strike the entirety of Dr. Cole's apportionment analysis which relies not on Dr. Valerdi's infringement opinions but on Dr. Cole's inconsistent opinions. (*Id.*) Nokia notes Dr. Valerdi does not analyze the brochure Dr. Cole heavily relies on to identify and apportion relevant features. (*Id.* at 9.) Nokia argues that neither expert ties the identified features to infringement and thus Dr. Cole's apportionment opinion cannot be supported. (*Id.*) Nokia contends Dr. Valerdi does not discuss VLL services as to the '599 and '580 patents while Dr. Cole opines that this feature infringes. (*Id.* at 9-10.) Nokia also contends there are a variety of features Dr. Valerdi identifies for infringement but Dr. Cole does not for apportionment. (*Id.*)

SPC responds that Dr. Cole merely relies on Dr. Valerdi's opinions and developed his apportionment opinions on that basis. (Opp. at 5.) SPC contends Dr. Cole's concession that he did not provide any independent infringement opinion resolves any alleged conflict between Dr.

3

Cole's opinions and Dr. Valerdi. (*Id*.) SPC further points out Dr. Valerdi identified VLL and OSPF features as evidence of infringing claims of the '599 and '580 patents. (*Id*.) Next, SPC notes Nokia cites no authority to support its complaint regarding features cited by Dr. Valerdi but not Dr. Cole. (*Id*. n.2.)

In reply, Nokia identifies a longer list of features it alleges Dr. Cole relies on but are not discussed by Dr. Valerdi. (Reply at 2.) Nokia faults SPC for only responding to the VLL and OSPF feature example. (*Id*. at 3.) Nokia argues that while Dr. Valerdi cites documents referencing VLL services, his analysis is clearly focused elsewhere. (*Id*.)

In sur-reply, SPC argues Nokia has waived its additional arguments, specifically features beyond those named in Nokia's Motion. (Sur-Reply at 1-2.) SPC further emphasizes that Dr. Valerdi supports Dr. Cole's apportionment opinions. (*Id*. at 3-4.)

The Court finds that Nokia has waived the additional arguments raised in its reply[1]. Nokia's motion largely failed to identify with particularity the concerns it complains of, instead identifying a handful of alleged inconsistencies and requesting the Court take on faith that the examples hold true throughout. The Court cannot do so. Further, Dr. Valerdi opining that certain features infringe but Dr. Cole remaining silent as to those features is not grounds to strike the testimony of either. Nokia's identification of the VLL feature as to the '599 and '580 patents is notable. Dr. Cole opines "Point-to-point Ethernet pseudowires/virtual leased line (VLL)" is one of the features that infringe the '599 and '580 patents. (Dkt. 122-2 at ¶¶108, 138.) In the portion of his report that the Court could find referring to VLL, Dr. Valerdi only notes that it is a feature, not that it infringes. (*See* Dkt. 122-3 at ¶372.) SPC clearly argues in its response that Dr. Valerdi "*did* point to the VLL

---

[1] The Court finds only that Nokia has waived this argument as to its motion to strike as raising such arguments in reply prejudices SPC's ability to adequately respond. This finding does not in any way restrict Nokia's cross-examination of the witnesses at trial.

and OSPF features of Nokia products … as evidence of their infringing certain claims of the '599 and '580 patents." Dkt. No. 138 at 5.  However, it merely cites to two lengthy exhibits to support that representation.  In order to ensure that Dr. Cole is not overstepping, SPC is **ORDERED** to offer the testimony of Dr. Valerdi before the testimony of Dr. Cole, and the latter will not be permitted to testify about VLL and OSPF in the context of the '580 and '599 if the former has testified as to the infringement already.

Likewise, the Court does not otherwise find any of Dr. Cole's opinions should be stricken as unsupported. While Dr. Cole's report does provide "it is my opinion that these products each infringe in function in the same manner with respect to the patented technologies," Nokia does not identify specific infringement opinions not based on Dr. Valerdi's report.

### B.  APPORTIONMENT TO PATENTED FEATURES

Nokia also alleges that Dr. Cole's feature counting apportionment includes unpatented features, thus being over inclusive. (Mot. at 14-15.) Nokia contends Dr. Cole fails to quantify the contribution of the patented technologies to the features identified and instead provides the full value of those features to SPC. (*Id*.) In particular, Nokia complains that because Dr. Cole found a single feature infringed multiple patents but performs no further apportionment, those features are counted more than once. (*Id*. at 11.)

SPC responds that Dr. Cole properly apportioned by first apportioning only 25% of the value to software and apportioning value from there. (Opp at 5-6.) SPC contends based on Dr. Cole's "vast experience in the industry" he ultimately found only 4.58% of the 25% was appropriately apportioned to one of the patents. (*Id*.)

The Court finds that Dr. Cole has provided sufficient apportionment to survive *Daubert*. As the Federal Circuit has consistently held "apportionment can be addressed in a variety of ways, including 'by careful selection of the royalty base to reflect the value added by the patented feature

[or] ... by adjustment of the royalty rate so as to discount the value of a product's non-patented features; or by a combination thereof.'" *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018). Here, Dr. Cole's technique of counting entire features that infringe to reach this opinion rather than attempting to further apportion within the feature is sufficient. There is no perfect apportionment and Dr. Cole has apportioned to individual features at the level Nokia advertises. The Court finds this is sufficient and any concern Nokia has is best addressed on cross-examination.

### IV.  CONCLUSION

The Court **ORDERS** Nokia's Motion to Strike and Exclude Portions of the Expert Report of Dr. Eric Cole be **DENIED** with the one condition provided on page 5 above.

**SIGNED this 13th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE