IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

SMART PATH CONNECTIONS, LLC    §
                               §
        *Plaintiff,*           §
                               §
v.                             §    CIVIL ACTION NO. 2:22-cv-0296-JRG-RSP
                               §
NOKIA OF AMERICA CORP.,        §
                               §
        *Defendant.*           §

## <u>MEMORANDUM ORDER</u>

Before the Court is Nokia's Motion to Strike and Exclude Portions of the Expert Report of

Dr. Ricardo Valerdi (Dkt. No. 123.). After consideration, the Court **GRANTS-IN-PART and**

**DENIES-IN-PART** the motion as provided below.

## I.    BACKGROUND

This case addresses the infringement and validity of four patents: U.S. Patent No.

7,386,010, U.S. Patent No. 7,463,580, U. S. Patent No. 7,551,599, and U. S. Patent No. 7,697,525.

(Dkt. No. 1.) Dr. Valerdi provides infringement opinions as to all asserted patents. (Mot. at 1.)

## II.   APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical,

or other specialized knowledge will help the trier of fact to understand the evidence or to determine

a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product

of reliable principles and methods; and (d) the expert has reliably applied the principles and

methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as

to whether the requirements of the rule are satisfied with regard to a particular expert's proposed

testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow*

1

*Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461

(5th Cir. 2002).

### III.    ANALYSIS

#### A.   UNDISCLOSED INFRINGEMENT OPINIONS

Nokia complains of two of Dr. Valerdi's infringement opinions that it alleges were not properly disclosed in SPC's infringement contentions. (Mot. at 1-2.) Namely, Nokia contends Dr. Valerdi's opinion that the "resource-sharing group" of the '580 Patent is the "[m]ultiple LSPs belonging to the same Traffic Engineering Class," and that a Triple Play Service Delivery Architecture (TPSDA) infringes the '525 Patent, were not included in SPC's infringement contentions and should now be stricken. (*Id*.)

As to the former, Nokia contends that while SPC's contentions included statements that the "source-to leaf (S2L) sub-LSPs associated with P2MP LSPs and 'primary path[s] and one or many secondary paths of the same LSP'" meet the "resource-sharing group" limitation, there is no discussion of the "Multiple LSPs belonging to the same Traffic Engineering Class." (*Id*. at 4.) Nokia argues it has shown that the only source code file relevant to Dr. Valerdi's "Traffic Engineering" class theory was never cited in SPC's infringement contentions. (*Id*.)

As to the latter, Nokia contends SPC's infringement contentions accused multicast traffic over Link Aggregation Groups of infringement but never the TPSDA. (*Id*. at 5.)

SPC responds that it sufficiently put Nokia on notice of both "theories" and Dr. Valerdi's report merely provides further evidentiary support. (Opp. at 3-7.)

First, SPC contends Nokia's motion is too focused on the source code file and the recitation of "Traffic Engineering Groups." (*Id*. at 3.) SPC contends the disclosure of "Resource Reservation Protocol (RSVP) for MPLS signaling and traffic engineering (TE)" provides adequate notice of its contentions relating to "Traffic Engineering Groups." (*Id*.) Further, SPC notes the contentions cite and discuss the "main files for RSVP TE" relied on by Dr. Valerdi to discuss the Traffic

Engineering class of a tunnel. (*Id*. at 4.) SPC argues it is incorrect to consider Dr. Valerdi's discussion of "Traffic Engineering Groups," rather SPC's infringement contentions, put Nokia on notice of its theory that "use of the RSVP protocol to create LSPs and associations between those LSPs defines resource-sharing groups." (*Id*. at 4-5.)

Second, SPC contends that Nokia was put on notice of alleged infringement of "features of Link Aggregation Group (LAG) and 'all other substantially similar products.'" (*Id*. at 5.) SPC argues that two of the complained of paragraphs relate only to non-limiting preambles whereas Dr. Valerdi cites TPSDA to demonstrate the accused products were "method[s] for communication." (*Id*. at 6.) SPC argues that the remaining citations merely support the contentions that the accused devices support multicasting and "Oversubscribed Multi-Chassis Redundancy" rather than introduce a new theory. (*Id*. at 6-7.)

The Court finds both of these theories were not sufficiently disclosed in SPC's infringement contentions and should be stricken.

As to the Traffic Engineering Group theory, the Court finds this theory was not disclosed in SPC's infringement contentions. SPC's disclosure of related theories for "resource sharing group" limitation does not act to put Nokia on notice of this theory. This is underpinned by SPC's choice to list out each of its three choices for meeting this limitation and cite only a single piece of supporting source code evidence that is not found in the contentions. (*See* Dkt. No. 123-2 at 9-10.) While the contentions are not required to prove infringement or to cite every piece of evidence, where an argument and the evidence cited to support that argument is omitted from the contentions, such an argument may not be recaptured in expert disclosures. The Court orders the portions of ¶¶180, 183, 186, 191 of Dr. Valerdi's report and ¶¶ 53, 56, 58, 59, 60, 66, 67, 74, 75, 80, and 81of Addenda E relating to "multiple LSPs belonging to the same Traffic Engineering Class" struck.

As to discussion of TPSDA, SPC effectively concedes that it never raised TPSDA in its infringement contentions. Instead, SPC argues its inclusion is not a new theory. The Court is not convinced that citation to a previously unmentioned functionality to support an infringement position is just an old theory. The Court orders the portions of ¶¶83, 85, 83, and 97 of Dr. Valerdi's report relating to TPSDA stricken.

### B.  DOCTRINE OF EQUIVALENTS

Nokia next argues that Dr. Valerdi's doctrine of equivalents arguments as conclusory and supported by no analysis. (Mot. at 10-11.) Nokia notes Dr. Valerdi merely provides that if the Accused Devices do not infringe literally, they do under the doctrine of equivalents by copying a single sentence to each limitation but with no particularized analysis. (*Id*. at 12.) Nokia further contends Dr. Valerdi's discussion of "flooding" as equivalent to "uploading" should likewise be struck as unsupported by facts or data or based on discernable principles and methods. (*Id*. at 13.)

SPC responds by referring back to its opposition to Nokia's motion for summary judgment of no infringement under doctrine of equivalents where SPC argued these opinions were supported.[1] (Opp. at 7.) SPC further argues Dr. Valerdi's discussion of "flooding" relates to direct infringement not a doctrine of equivalents theory. (Opp. at 7-8.)

The Court finds that Dr. Valerdi has not presented a valid doctrine of equivalents argument as his statements are entirely conclusory with no analysis. As such, the Court orders all reference to the doctrine of equivalents stricken from Dr. Valerdi's expert report and associated material. As to Dr. Valerdi's discussion of "flooding," the Court accepts that this argument relates to SPC's direct infringement allegations and provides what a POSITA would understand "flooding" to mean

---

[1] The Court does not accept that this is a proper method of briefing. The Local Rules provide a clear set of page limits and instruction that the party's arguments need to be included in the brief and not other materials. *See* Local Rule CV-7(a); Local Rule CV-7(d) ("The response and any briefing shall be contained in one document."). This attempt to incorporate arguments by reference is not well taken and under the Local Rules need not be considered.

in context.

## IV.    CONCLUSION

The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Nokia's motion to strike as provided above.

**SIGNED this 13th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE